## NASH *v.* STATE.

### Opinion delivered May 28, 1906.

1. INDICTMENT—IMPEACHMENT BY GRAND JURY.—To admit the testimony of the grand jurors who presented an indictment to show that only eleven of their number voted in favor of finding a true bill contravenes the statute requiring secrecy in grand jury proceedings. (Page 122.)

2. SAME—PRESENTMENT.—The presentment of an indictment by the grand jury in open court is evidence of their concurrence which can not be overcome by evidence from the members of that body. (Page 122.)

3. TRIAL—INSTRUCTION—ASSUMING FACTS.—An instruction in a murder case that defendant could not justify the killing by evidence that,

after he fired the fatal shot, the friends and relatives of deceased fired upon him, and that the acts of deceased which would give defendant the right to kill his assailant in self-defense must have occurred before he fired the fatal shot, was not objectionable as assuming facts, instead of stating them hypothetically. (Page 122.)

Appeal from Desha Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*X. O. Pindall* and *Campbell & Stevenson,* for appellant.

1. The court erred in excluding testimony of members of the grand jury to show that the finding of the indictment was concurred in by only eleven of their number. Notwithstanding the former decision, appellant again presses this question, and urges that since it is a question purely of practice and of criminal procedure, the court is not bound by the rule of *stare decisis.* 10 Ark. 289. The statute definitely fixes the number of grand jurors who must concur in the finding of an indictment. Kirby's Digest, § § 2223, 2224. The concurrence of twelve members of the grand jury is a condition precedent to the existence of any indictment. The prohibition of the statute (Kirby's Digest, § 2207) extends only to prevent jurors from disclosing who voted yea or nay on an indictment, but it is competent to testify as to what *number* voted for and against an indictment, though it would not be competent to go further and show how any one voted. 4 Gr. (Me.), 380; 36 Me. 128; 14 Pac. 768; 6 Abb. N. Cas. 33; 53 Ala. 481; 83 N. C. 595; 1 Greenleaf, Ev. § 252. The statute prohibits any person whatever, except the members of the grand jury, being present when they are deliberating or voting on a charge. The former opinion is therefor inconsistent in recognizing the right to disprove the concurrence of twelve in finding an indictment, but says that this may not be done by the evidence of a member of the grand jury. 73 Ark. 399, 406.

2. The court erred in giving instruction numbered 15. This instruction, abstractly correct, ignores defendant's plea of justification. It makes him out the aggressor, whereas the whole theory of his evidence was that he was first attacked.

3. The evidence does not sustain a verdict of guilty of murder in the first degree.

This court should reduce the sentence to a lesser degree of homicide. 70 Ark. 610; 71 Ark. 459.

*Robert L. Rogers, Attorney General, and G. W. Hendricks,* for appellee.

1. This court has already decided appellant's objection to the finding of the indictment. 73 Ark. 399.

2. It was the province of the jury to pass upon the weight of the testimony. They have done so adversely to the appellant, and the evidence sustains the verdict.

HILL, C. J. This is an appeal from a second conviction of Martin Nash for murder in the first degree, the first conviction having been reversed by this court on December 24, 1904. The opinion may be found in 73 Ark. 399 (*Nash* v. *State*). The facts of the killing of James C. Cross, Jr., by appellant are therein set forth, and substantially the same evidence was adduced on this trial.

1. The first error assigned by appellant is the refusal of the court to allow the appellant to introduce as witnesses members of the grand jury which found the indictment, in order to show by them that the finding of the indictment was concurred in by only eleven of their members. In somewhat different form, but in essentials, the same question was passed upon when the case was first here. There is a conflict in the authorities on this subject. This court adopted the view that the admission of such evidence contravenes the statutes requiring secrecy of grand jury proceedings, and that the presentment of the indictment by the grand jury in open court is evidence of their concurrence, which can not be overcome by evidence from the members of that body, if at all. The court finds no reason to change that holding.

2. The appellant contends that the following instruction is erroneous:

"The jury are instructed that the defendant can not justify the killing of J. C. Cross, Jr., by evidence showing that, after he had fired the fatal shot and had killed J. C. Cross, Jr., others, the friends or relatives of J. C. Cross, Jr., did fire upon and wound him. The acts of the deceased, or other persons, which would give the defendant the right to kill his assailant in self defense must have occurred or existed before he fired the fatal shot, and not afterwards." The objections urged are that the instruction assumes facts, instead of stating them hypothetically, and ex-

cludes the appellant's theory of justification. While the instruction is not happily worded, yet it is reasonably clear that no facts are assumed nor proper defenses excluded. The court in this and several other instructions was presenting various phases of the testimony hypothetically, in order to advise the jury of the effect of each. This happened to be one presenting a phase against appellant. In similar hypothetical statements he presented phases favoring appellant. There is no error in this instruction.

3. The last and chief contention of appellant is that the evidence does not sustain a conviction for murder in the first degree.

The State's evidence shows these facts: The appellant had a previous difficulty with Col. Cross, the father of the victim; and he (appellant) came to the steamboat landing to meet the steamboat at the Cross landing armed with a shotgun. Col. Cross assumed from his manner and carrying the shotgun that Nash was seeking trouble with him or his sons, and evidently became worked up over it. Nash was leaving the landing, but going a route which Col. Cross and his sons would take when they returned home, and not the route directly to his own home. Col. Cross called to him when he was near the gate going out of the landing inclosure: "Hold on there, Martin Nash. What did you bring that shotgun for?" Nash immediately wheeled, and said: "I did not bring it for you," and fired before he finished the sentence. The shot instantly killed young Cross, who was near by his father. Col. Cross's testimony is strongly corrobated. While, on the other hand, appellant testified that Col. Cross and his party opened fire first and wounded him, and he shot only after several shots were fired at him. His testimony was also strongly corroborated, and this conflict has gone to the jury, and been settled against appellant. The evidence which comes here accredited by the verdict is sufficient to sustain the conviction of murder in the first degree, and the judgment is affirmed.