WORTHEM *v.* STATE.

Opinion delivered April 15, 1907.

INDICTMENT—VALIDITY.—Where all the grand jurors voted to return an indictment for murder, but before it was presented the prosecuting attorney submitted a new indictment correcting the omission of deceased's initials in the former, the new indictment will not be invalidated because the grand jury called no witnesses to prove either the allegations of the first indictment or the initials of the deceased.

Appeal from Mississippi Circuit Court, Chickasawba District; *Frank Smith,* Judge; affirmed.

The appellant *pro se.*

1. The motion to quash should have been sustained. *Nash v. State,* 73 Ark. 399, is not applicable in this case. No witnesses were introduced before the finding of the last indictment. 100 N. C. 539; 53 Ala. 481; 90 N. C. 714.

2. The grand jury did not vote to return an indictment. 63 N. C. 595; 5 Okl. 61.

*W. F. Kirby,* Attorney General, and *Daniel Taylor,* assistant, for appellee.

1. The indictment is valid. 73 Ark. 399; 79 Ark. 120; 41 Iowa, 311; 39 *Id.* 318; 46 *Id.* 88; 146 Ill. 175; 24 Ind. 142; 20 Mo. 338. The concurrence of twelve grand jurors is suffi-

cient; the statute does not say or mean *votes.* Kirby's Digest, § 2223.

2. The re-examination of witnesses is unnecessary. 48 Ohio, 220; 63 Md. 207; 24 Ind. 151; 26 Oregon, 466; 4 S. W. Rep. 1; 76 Mass. 477; 162 *Id.* 206.

BATTLE, J. At the December, 1906, term of the Mississippi Circuit Court, Chickasawba District, a regularly impaneled grand jury returned the following indictment into court:

"The grand jury of Mississippi County, Chickasawba District, in the name and by the authority of the State of Arkansas, accuse Lee Worthem of the crime of murder in the first degree, committed as follows, towit: The said..........in the county and State aforesaid, Chickasawba District, on the 1st day of June, A. D. 1906, did unlawfully, wilfully, feloniously and maliciously, after premeditation and deliberation, assault, kill and murder.......King, by then and there shooting him, the said ........ King, with a gun, then and there loaded with gunpowder and leaden bullets, and then and there had and held in the hands of him, the said Lee Worthem, and with the felonious intent then and there him, the said........King, wilfully and maliciously to kill and murder, against the peace and dignity of the State of Arkansas.

"On December 21, 1906, G. W. Belcher was excused from the grand jury, and Frank Cecil accepted in his stead.

"On January 1, 1907, the indictment was quashed, and the defendant ordered held. And on the same day came the grand jury into open court in charge of their sworn officer, and, after having severally answered to their names, and all being found present, presented into court by their foreman this indictment: "The grand jury of Mississippi County, Chickasawba District, in the name and by the authority of the State of Arkansas, accuse Lee Worthem of the crime of murder in the first degree, committed as follows, towit: The said Lee Worthem, in the county and State aforesaid, Chickasawba District, on the 1st day of June, A. D. 1906, did unlawfully, wilfully, feloniously and maliciously, after premeditation and deliberation, assault, kill and murder F. S. King, by then and there shooting the said F. S. King with a gun, then and there loaded with gunpowder and leaden bullets, and then and there had and held in the hands

of him, the said Lee Worthem, and with the felonious intent him, the said F. S. King, then and there wilfully and maliciously to kill and murder, against the peace and dignity of the State of **Arkansas."**

Defendant filed the following motion to quash this indictment:

"1.   Because no evidence was produced before the grand jury upon which to base an indictment.

"2.   Because there was no sufficient evidence before the grand jury upon which to base an indictment.

"3.   Because no evidence was introduced before the grand jury upon which to find the last indictment returned against the defendant, and because vacancies had been filled with new members since any evidence had been introduced in regard to the charge.

"4.   Because the grand jury did not vote to return an indictment in this cause.

"5.   Because the grand jury had adjourned when the indictment under which defendant is held for trial was presented for their consideration.

"6.   That the indictment was signed by the foreman after the grand jury had adjourned."

Upon this motion W. H. Scarboro, foreman of the grand jury that returned the indictment, testified, without objection, substantially as follows: The grand jury had completed its labors, left its room for final adjournment, and was on its way to the court room to make its final report and be discharged. On its way it was met by the prosecuting attorney, who requested it to return to its room until he could prepare another indictment against the defendant. Before returning the foreman made a statement to the jury that a blank had been left for the initials of the name of the deceased in first indictment, and that the defect was to be remedied by a new indictment, which was repeated after its return to its room. It returned to its room and waited a few moments when the prosecuting attorney presented to it a second indictment against the defendant for the same offense, which he had already signed, and requested the foreman to affix his signature to the same. This the foreman did in the presence of the jury, without calling any witness to prove

either the allegations of the first indictment or the initials of the deceased, and without submitting the matter to a vote of the grand jury. No one objected. The second indictment ,and many others were returned at the same time into court by the. grand jury. Sixteen grand jurors voted for the first indictment.

The court overruled the motion. The defendant was tried and convicted of murder in the second degree. He appealed.

The only question in the case is, Did the court err in overruling the motion to quash the second indictment?

The vote of only twelve of the grand jurors was necessary to the finding of the indictment. Sixteen had voted for the first. Fifteen of them and the other one concurred in the return of the second. The purposes of the law had been subserved, and it was not necessary for the grand jury to examine the witness anew before finding the second indictment to find out what they had already ascertained and knew. The second indictment was valid. *Commonwealth* v. *Woods,* 10 Gray, 477; *Commonwealth* v. *Clune,* 162 Mass. 206; *Creek* v. *State,* 24 Ind. 151; *Whiting* v. *State,* 48 Ohio St. 220. An indictment is only an accusation, and does not even raise a presumption of guilt, and in itself can do nothing except to serve as an acusation. The trial before a jury on the plea of not guilty affords the defendant an opportunity to establish his innocence and to vindicate himself. We do not mean to decide that the foregoing testimony was admissible.

Judgment affirmed.