[Civ. No. 471.    Third Appellate District.—April 27, 1908.]

AGOSTINO BORELLO, Petitioner, v. SUPERIOR COURT OF AMADOR COUNTY, and E. C. RUST, Judge Thereof, Respondents.

PROHIBITION—CRIMINAL TRIAL—JURISDICTION—MOTION TO SET ASIDE INDICTMENT—ERROR NOT REVIEWABLE.—Prohibition will not lie to prevent the trial of a charge of arson where the indictment shows jurisdiction of the offense, and the jurisdiction of the person of the defendant is not questioned, and the court had jurisdiction to hear and determine all questions of law and fact on a motion to set aside the indictment. Error in the decision of such motion could not render the decision void, but it is valid and binding until reversed on appeal; and no error therein can be reviewed upon prohibition.

ID.—DEFENDANT NOT HELD TO ANSWER—PRIVILEGE TO EXAMINE PANEL OF GRAND JURY—ERROR NOT COMMITTED ON MOTION.—Although a defendant not held to answer for a felony is not entitled as of right to examine the panel of the grand jury; yet where he was accorded such privilege, and had an opportunity before the grand jury was organized to challenge grand jurors of the panel, it was not error for the court, upon motion to set aside the indictment, to decline to allow the defendant to go over the same ground previously explored.

ID.—ILLEGAL EVIDENCE—IMPROPER GROUND OF MOTION—CONSTRUCTION OF CODE.—Section 995 of the Penal Code does not include illegal evidence taken before the grand jury, as a ground of a motion to set aside the indictment; and such ground must be deemed excluded therefrom by intention of the legislature.

PETITION for writ of prohibition to the Superior Court of Amador County.    E. C. Rust, Judge.

The facts are stated in the opinion of the court.

Alfred H. Cohen, Jas. H. Creely, and D. B. Spaganati, for Petitioner.

C. P. Vicini, and Ben P. Tabor, for Respondents.

HART, J.—The petitioner and three other persons were indicted by the grand jury of Amador county for the crime of arson. A separate indictment was found against each of the parties.

The object of the present proceeding is to secure a writ of prohibition from this court to restrain the court below and the judge thereof from putting the petitioner upon his trial upon the charge for which he was indicted, upon the ground, for certain alleged reasons, that respondents are without jurisdiction to try said petitioner.

A petition for a like remedy has also been filed in behalf of each of the other defendants; but the specific grounds upon which it is sought to prohibit respondents from trying them are, confessedly, the same as those involved here, as are also the facts, and, therefore, the decision in those cases will follow the conclusion reached in the case under consideration.

The record shows that the petitioner had been arrested and was held in custody under a warrant of arrest issued by the justice of the peace of Township No. One of Amador county, acting in his *ex-officio* capacity of magistrate, upon a complaint filed with and before said officer, charging said petitioner with the crime of arson. Before the grand jury which found the indictment had been impaneled and sworn, the petitioner not having been preliminarily examined for the offense for which he had been arrested, the respondent, judge of the superior court, caused said petitioner, with the other defendants, to be brought into court, and thereupon notified them and their attorneys that a grand jury was about to be organized; that said body would probably inquire into the cases of the petitioner and the others; that they could be present during the impanelment of said jury, and would be accorded the privilege of examining each of said jury for the purpose of interposing challenges to such as they might determine upon such examination would not be likely to act fairly and impartially toward them. The proposition thus made by the judge was acceded to by all the parties and the impanelment of the grand jury proceeded with. Each of the jurors was questioned by the district attorney and counsel for the accused as to his qualifications to serve as such, and after nineteen had thus been examined, the court asked counsel if they desired to exercise the right of challenge, to which both the district attorney and the attorneys for the accused replied in the negative. Thereupon a foreman was appointed and the jurors sworn. Thereafter the grand jury, as seen, returned indictments against all the defendants.

Subsequently, a motion was made to set aside said indict-
ments upon all the statutory grounds. The court heard the
motion, and, in support of some of the grounds thereof, per-
mitted counsel for the accused to examine such of the grand
jurors as they called to the witness-stand.

It is now claimed that the court refused to hear certain
testimony which petitioner offered to introduce in substan-
tiation of certain grounds upon which he relied for the allow-
ance of the motion to set aside the indictment.

Accompanying the record here is a bill of exceptions, show-
ing in full the proceedings had upon the motion. This bill is
not only authenticated by the certificate of the judge, but is
approved as correct by the attorneys representing both the
people and the accused.

The bill shows, among other things, that the petitioner, after
his indictment, filed in writing, and specifying therein the
grounds thereof, challenges to certain individual grand jurors
and also a challenge to the panel. The court denied the chal-
lenge to the panel, and also denied the challenges to the in-
dividual grand jurors, refusing to take testimony with respect
thereto, the ruling as to the latter challenges being based upon
the ground that ''the defendant had been given an oppor-
tunity to examine said grand jury at the time the same was
impaneled, as above set forth, and had done so and declined
to exercise any challenges and had waived the right.''

The refusal of the court to allow testimony to be received
bearing upon the question of the qualifications of the individ-
ual grand jurors is one of the principal complaints of peti-
tioner; but we think it is clear that, even if the rulings thereon
were incorrect, they only constituted errors committed by the
court in a proceeding of which it had jurisdiction, if such a
proceeding as the ''challenge to the panel'' and ''the chal-
lenges to the individual grand jurors'' *after* indictment is to
be viewed, as it must be so regarded, if anything at all, as
merely two of the grounds upon which the indictment is asked
to be set aside. In addition to said written challenge to the
panel and challenges to the individual jurors, there was filed
by the petitioner a motion to set aside the indictment on the
grounds specified in section 995 of the Penal Code other than
''any ground which would have been good ground for a

challenge, either to the panel or to any individual grand juror."

The only question which is involved in a proceeding of the nature of the one before us is, whether or not the court has jurisdiction to hear and determine the matter before it and of the person of the petitioner. In the case at bar, the indictment charges an offense of which the court has jurisdiction, and, so far as the record discloses, it invested the court with jurisdiction of the person of the petitioner. The court, therefore, had jurisdiction, upon a motion to set aside said indictment, to hear and determine "whatever questions of law or fact were involved in the motion, and its decision, although it may be erroneous, is not *void.* On the contrary, it is valid and binding until reversed on appeal." (*Ex parte Nicholas,* 91 Cal. 641, [28 Pac. 47]; *Ex parte Walpole,* 85 Cal. 362, [24 Pac. 657]; *Ex parte Fowler,* 5 Cal. App. 549, [90 Pac. 958].) Therefore, the rulings of the court refusing, under the circumstances shown by the record, to allow inquiry into the question of the qualifications of the individual jurors or as to whether there was reason for a challenge to the panel, were within the jurisdiction of the court to make on the motion, and if errors were thus committed, they cannot be reviewed in this proceeding. It may be parenthetically stated that if the court had refused absolutely to hear the motion at all, then a different question would arise, determinable in some appropriate proceeding. But no such proposition is presented here. The court did pass upon all the questions presented by the motion, and it had undoubted jurisdiction to do so, and whether right or wrong, its action cannot be reviewed here.

But we do not hesitate to go further, and declare our opinion to be that the record shows that the action of the court refusing to hear the evidence offered relative to the qualifications of the jurors after the indictment was found and filed was justifiable and proper.

The opportunity granted to the petitioner of examining the individual grand jurors precedently to accepting and swearing them to serve as such jurors was, under our present system, only a privilege accorded to petitioner as of grace and not as of right, for the petitioner had not then been "held to answer." (*Kitts* v. *Superior Court,* 5 Cal. App. 462, [90 Pac. 977].) In other words, under the mode of initiating a

prosecution for a felony by indictment authorized by the present constitution (art. 1, sec. 8) and the laws passed in pursuance thereof, a trial court is not required, and, therefore, could not be compelled, to grant a person who may be accused of a public offense and who may be indicted by the grand jury, and who has not been "held to answer," the privilege, before they are impaneled and sworn, of examining citizens summoned to serve on such jury touching their qualifications to inquire into and act upon his case.   But the court having done so in this case, thus giving the petitioner an opportunity, before the jury was organized and at the time of its impanelment, of showing a cause for challenging any particular juror and fully going into the question of the qualifications of the entire panel, there was no legal reason, we think, requiring the court, on the motion to set aside the indictment, to receive testimony bearing upon matters into which full inquiry had already been made.   The practice of allowing an accused person, whose case is likely to be inquired into by a grand jury about to be impaneled, an opportunity to challenge citizens summoned to serve on such jury during its impanelment and before the jury is legally organized, upon the grounds of challenge specified by the code sections, is seldom resorted to or permitted now.   We cannot, however, see any legal objection to the practice, but when such a course is pursued, the accused person is given an advantage to which, where not previously held to answer, he is not entitled as of right, and in such case there is no reason which suggests itself to this court why he should be allowed, on the motion to set aside the indictment, to go over ground which has already been fully exploited and explored.

There is no ground for the complaint that the court restricted the petitioner to the examination of only a few of the grand jurors upon matters involved in certain grounds of the motion other than those of which we have been speaking.   The record shows that the judge stated to the attorneys that they could take the testimony of such of the grand jurors as they desired to call to the stand.   Counsel seem to have failed to cause all the jurors to be present—at least, there were certain members thereof who failed to respond to their names when called.   And, again it may be said, even if the court had ruled as counsel insists that it did upon this point, the ruling

could only be error which, like the question previously discussed, cannot be reviewed in this proceeding.

One of the grounds specified in the motion is that the grand jury found its indictment against the petitioner on illegal evidence, contrary to the mandate on this subject of section 919 of the Penal Code. The question thus raised is not one, in our opinion, which can be considered on a motion to set aside an indictment. (*Brobeck* v. *Brobeck*, 152 Cal. 289, [92 Pac. 646].) In other words, it is not specified by section 995 of the Penal Code as one of the grounds upon which an indictment may be set aside, and it has been held that where a statute prescribes the grounds of a motion to quash or set aside an indictment, and omits as one of them the question of the competency of the evidence presented to, and received by, the grand jury, the effect is to remove that question from the field of inquiry. (6 Ency. of Evidence, p. 255, and cases therein cited.) We entertain no doubt that the legislature with deliberate design omitted to include in the grounds for setting aside an indictment the question of the character of the evidence received and acted upon by the grand jury, for if the rule were otherwise, no indictment would ever be preferred which would not be followed by a dragnet inquisition into all the "doings" and proceedings of the grand jury, thus uselessly entailing endless and vexatious trouble and confusion, and disclosing secrets of the grand jury's deliberations which it is the policy of the law to preserve inviolate. Besides, section 926 of the Penal Code seems to restrict the purposes for which testimony given before a grand jury may be disclosed, and the proposition here does not come within either the letter or spirit of that section. In any event, the ruling of the court refusing to allow the character of the evidence received by the grand jury to be shown was within its jurisdiction, and cannot be rectified or corrected in this proceeding.

For the foregoing reasons, the order to show cause will be discharged and the prayer for a peremptory writ denied.

Chipman, P. J., and Burnett, J., concurred.