LATOURETTE *v.* STATE.

Opinion delivered June 14, 1909.

1. VENUE—PETITION FOR CHANGE—CREDIBILITY OF AFFIANTS.—It is proper for the trial court, in considering a petition for change of venue, to examine the supporting affiants in open court and to hear any other testimony bearing upon the question of their credibility and to decide whether or not they are credible persons. (Page 67.)

2. APPEAL AND ERROR—SHOWING OF PREJUDICE.—Where error is assigned in the refusal of the trial court to hear testimony of a witness, the record must disclose the substance or purport of the offered testimony, so that it may be determined whether or not its rejection was prejudicial. (Page 67.)

3. VENUE—PETITION FOR CHANGE—ISSUE.—Upon the issue as to the credibility of persons whose affidavits are offered in support of a petition for change of venue, it is not competent to go into the question of the truth or falsity of the statements of their affidavits. (Page 67.)

4. CRIMINAL LAW—INDICTMENT BASED ON INCOMPETENT EVIDENCE—WAIVER. —The objection that an indictment was found upon incompetent evidence is waived where the accused enters a plea of not guilty. (Page 68.)

5. SAME—WAIVER OF OBJECTION TO INDICTMENT.—To the general rule that irregularities in the finding of an indictment are waived by a general plea no exception arises upon proof that an indictment was found upon insufficient evidence and that the accused did not know, and had no means of ascertaining, this fact until after the trial. (Page 68.)

Appeal from Craighead Circuit Court, Jonesboro District; *Frank Smith,* Judge; affirmed.

*Hawthorne & Hawthorne,* and *S. R. Simpson,* for appellant.

1.  A change of venue should have been granted, and it was error to rule that the four witnesses should make an additional affidavit and go on the stand to support it or not be heard. 83 Ark. 36; 162 Fed. 97; 85 Ark. 537; 86 *Id.* 358; 85 *Id.* 514; 76 *Id.* 278; 54 *Id.* 246; 36 *Id.* 28; 68 *Id.* 466.

2.  The indictment should have been set aside because there was no evidence on which to base it. Kirby's Digest, § § 2203, 2204, 2207, 2209.

*Hal L. Norwood,* Attorney General, and *C. A. Cunningham,* Assistant, for appellee.

No error in refusing change of venue. 71 Ark. 180, 183. The witnesses did not measure up to the standard of credibility required. 54 Ark. 243; 76 *Id.* 276; 80 *Id.* 360; 83 *Id.* 36; 85 *Id.* 518; *Ib.* 536. A further petition, properly verified, should have been filed. 54 Ark. 243; 86 *Id.* 358.

2.  The court did not err in refusing to set aside the indictment; the motion was not supported by affidavit. 79 Tenn. (11 Lea) 509, 512; Kirby's Dig., § 2278. The motion came too late. 18 S. E. 545; 5 Ark. 230; 12 *Id.* 190; *Ib.* 630; 13 *Id.* 96; 16 *Id.* 96; 62 *Id.* 543; 66 *Id.* 286.

McCULLOCH, C. J. Appellant, Charles Latourette, was indicted by the grand jury of Craighead County for the crime of having carnal knowledge of a girl under the age of consent, and on a trial before a jury he was convicted and sentenced to the penitentiary for a term of three years. The evidence adduced at the trial was undisputed as to the fact of the appellant's having cohabited with the girl for a time and had sexual intercourse with her, but there was some conflict as to the girl's age. The evidence was sufficient to warrant the finding that she was under the age of consent. The jury fixed the punishment at ten years, and the court reduced it to three years.

Appellant's counsel urge two grounds for reversal: One that the court erred in refusing to permit certain witnesses to testify at the hearing of the petition for change of venue; and the other that the court erred in overruling, after the verdict and

judgment, a motion to quash the indictment. We consider these questions in the order in which they are argued.

The petition for change of venue was in due form, and was supported by the affidavits of two persons. The State challenged the credibility of the two supporting affiants, and they were examined by the court. It has been repeatedly held by this court that it is proper for the trial court, in considering a petition for change of venue, to examine the supporting affiants in open court and to hear any other testimony bearing upon the question of their credibility, and to decide whether or not they are credible persons. It would serve no useful purpose to cite all the cases. They are cited and reviewed in *Duckworth* v. *State,* 86 Ark. 57. We have examined and considered the evidence adduced before the court, and conclude that there was enough to warrant a finding against the credibility of the two affiants.

The bill of exceptions recites that, after the petition for change of venue was overruled, counsel for appellant requested "permission to introduce four additional witnesses to corroborate the two witnesses who made the affidavit," and that the court denied this request, stating to counsel, however, that if the proffered witnesses desired to make any additional affidavits, and go upon the witness stand to support them, they would be permitted to do so. Error is alleged in the refusal of the court to allow these witnesses to testify. The rule has been established by this court that where error is assigned in the refusal of the court to hear testimony of a witness, the record must disclose the substance or purport of the offered testimony, so that this court may determine whether or not its rejection was prejudicial. *Meisenheimer* v. *State,* 73 Ark. 407. In other words, it devolves upon the appellant to show by the record here, before he can complain of the ruling of the court as being prejudicial, that the offered testimony was relevant to the issue and should have been admitted.

Now, the offer made by appellant's counsel was to introduce witnesses to corroborate the supporting affiants on the petition for change of venue. The language in which this offer is couched in its ordinary acceptation is understood to mean an offer to introduce evidence in corroboration of the testimony of the two witnesses. Understood in this way, the testimony was

not relevant. The only issue before the court was that of the credibility of the two supporting affiants. It was not competent to go into the question of the truth or falsity of the statements of their affidavits. *White* v. *State,* 83 Ark. 36; *Strong* v. *State,* 85 Ark. 536. We find no error of the court in this respect.

After the jury returned a verdict of conviction, the appellant filed his motion to quash the indictment on the alleged ground that there was no legal evidence adduced before the grand jury to warrant the finding of an indictment. On the hearing of this motion, the appellant offered to prove by a member of the grand jury that no evidence was presented to that body except a transcript of the testimony heard at the examining trial. The court refused to hear this evidence, and overruled the motion.

The statutes of this State declare that a grand jury can receive none but legal evidence, and should find an indictment when all the evidence before it would, when taken together, if unexplained, warrant a conviction by a trial jury. Kirby's Digest, § § 2203-2204. But an indictment is merely an accusation against a defendant, and any irregularity in the finding and return of it by the grand jury does not deprive the accused of any substantial right. *Worthem* v. *State,* 82 Ark. 321. The failure of the grand jury to receive legal evidence was a mere irregularity, and was waived by the plea of not guilty. The question could not be raised after the trial and verdict. *Carpenter* v. *State,* 62 Ark. 286; *Hamilton* v. *State,* 62 Ark. 543, and cases therein cited.

Appellant undertook to show that he did not know, and had no means of ascertaining, until after the trial the character of the testimony heard by the grand jury. This does not alter the rule that irregularities in the finding of an indictment are waived by a general plea. It is the duty of the accused party and his counsel, before entering a plea of not guilty, to investigate the fact to their satisfaction whether or not the indictment has been regularly returned. The statute fixes the time when this question is put at rest, and hopeless confusion would arise by permitting questions as to irregularities in the finding of the indictment, which do not affect any substantial right of the accused, to be raised after the judgment of conviction is rendered.

It is unnecessary for us to pass on the question whether it

was competent to show by a member of the grand jury the character and quantum of testimony introduced before that body.

Judgment affirmed.