STATE v. FOX.

Opinion delivered January 24, 1916.

1. INDICTMENTS—MOTION TO QUASH—INSUFFICIENCY OF THE EVIDENCE BEFORE THE GRAND JURY.—An indictment will not be quashed on the ground that the evidence introduced before the grand jury was insufficient to sustain it.

2. INDICTMENTS—MOTION TO QUASH—INSUFFICIENCY OF EVIDENCE BEFORE GRAND JURY.—The grand jury is an inquisitorial body, the proceedings of which are intended to be kept secret and can not be examined and reviewed by a trial court upon a motion to set aside or quash the indictment, except for the causes set out in the statute. (Kirby's Digest, § 2279).

Appeal from Prairie Circuit Court, Southern District; *Thos. C. Trimble,* Judge; reversed.

STATEMENT BY THE COURT.

These cases were briefed and tried together.

The grand jury of Prairie County returned indictments, one against the defendant W. L. Fox, charging him with embezzlement in January, 1913, of $5,000, in gold and silver, lawful money of the United States, from the Hazen Power & Light Company, of which he was secretary and treasurer; and one against W. H. Fox, charging him with the embezzlement and conversion to his own use in November, 1913, of two engines and boilers of the value of $2,000, the property of the Hazen Power & Light Company, of which he was president.

Defendants filed like motions in each case to quash the indictments, alleging as grounds therefor that said indictments were not based on any legal evidence, and that the only witness who appeared before the grand jury was E. K. Hathaway, who stated upon oath that he did not give any evidence that warranted the finding of said indictment and further that S. A. Robertson, a member of the grand jury, because of spite and feeling against the defendant and his connections, induced said grand jury to return said indictment without any legal evidence to support the finding of same. The affidavit of Hathaway was exhibited with the motion, in which he stated that he took charge of the books and accounts of the Hazen Power

& Light Co. as receiver on the 17th of February, 1914, and checked them all over and could not find from said accounts that W. L. or W. H. Fox had embezzled or unlawfully made away with any moneys or property belonging to the said company; that he was unable to find any evidence of where said Fox embezzled the sum of $5,000 in January, 1913, or at any other time. Affiant stated further that he was called before the grand jury and made the foregoing statement in substance and that the indictments could not have been returned on the evidence he gave before the grand jury. The minutes of the grand jury showing his testimony were read before the court and the court sustained the motion and quashed the indictments, and from said judgments the State appealed.

*Wallace Davis,* Attorney General, *Hamilton Moses,* Assistant, *Jas. B. Reed,* Prosecuting Attorney for appellant. *Manning, Emerson & Morris,* of counsel.

1.   It was error to sustain the motion to quash the indictment.   Kirby's Digest, §§ 2195, 2204, 2279, 2286; 96 Pac. 404-7; 73 N. Y. S. 535; 121 N. W. 1114; 107 Pac. 712; 19 *Id.* 145.   An indictment can not be quashed for lack of competent or sufficient testimony.   36 Iowa, 272; 39 S. W. 365; 48 So. 819; 60 *Id.* 379; 60 S. E. 283; 88 Pac. 867; 84 Atl. 42; 148 S. W. 567; 23 So. 486, 505; 62 N. Y. S. 224; 22 Cyc. 422; 145 Fed. 745; 156 *Id.* 897; 186 *Id.* 1002-1018; 199 *Id.* 25, 831; 38 Am. Rep. 460; 82 Ark. 321; 83 N. Y. 418.

*Trimble & Williams,* for appellees.

The court had the power and discretion to quash the indictment on motion alleging that it was returned by the grand jury without any legal evidence; and there was no abuse of discretion by the court in sustaining the motion. 84 Ark. 290; 85 *Id.* 501; 22 Cyc. 501; Kirby's Dig., § 2203-5; 60 How. Pr. 17; 96 Pac. 404; 22 Cyc. 422; 186 Fed. 1002-18; 199 *Id.* 25; 1 Abb. Pr. 268; Leach, C. S. 184; 47 S. W. 896; 129 Fed. 49; 63 C. C. A. 491; 65 Howard, Rep. 177.

KIRBY, J., (after stating the facts).   The State contends that the court erred in quashing the indictments,

being without authority to review the evidence upon which they were found and determine the sufficiency thereof.

The statutes provide that the grand jury can receive none but legal evidence and should find an indictment when all the evidence before them taken together, would in their judgment if unexplained, warrant a conviction by a trial jury. Sections 2203-4, Kirby's Digest.

(1) Upon the arraignment or upon the call of the indictment for trial, if there is no arraignment the defendant must either move to set aside the indictment or plead thereto, and section 2279 of Kirby's Digest provides "The motion to set aside the indictment can only be made upon the following grounds:

"First. A substantial error in the summoning or formation of the grand jury.

"Second. That some person other than the grand jurors was present before the grand jury when they finally acted upon the indictment.

"Third. That the indictment was not found and presented, as required by law."

Section 2286 of Kirby's Digest designates the grounds upon which a demurrer is a proper pleading to the indictment, none of which would warrant the action of the court herein, if the motion be considered a demurrer.

An indictment is merely an accusation against a defendant and does not even raise a presumption of guilt and any irregularity in the finding and return of it by the grand jury does not deprive the accused of any substantial right since the trial before a jury on a plea of not guilty affords an opportunity to establish his innocence or the truth of the charge. *Latourette* v. *State,* 91 Ark. 65; *Worthem* v. *State,* 82 Ark. 321.

The statute expressly provides that a motion to quash an indictment can only be made on the grounds specified in said section 2279 and this limitation excludes any right to make such motion for any other than one of the specified causes.

The motion to quash the indictment for want of legal and sufficient evidence adduced before the grand jury to

warrant the finding thereof, certainly does not come within the first and second subdivisions of said section and we do not think it can be said to be included within the third subdivision that the indictment was not found and presented as required by law.

(2) In the Latourette case, *supra,* a like question was raised, after conviction, but the court held that the failure of the grand jury to receive legal evidence was a mere irregularity and was waived by the plea of not guilty. It was never the purpose of the law, as clearly indicated by the statute designating the only grounds upon which a motion to quash, or set aside, an indictment can be made, that such motion could be made because of the introduction of illegal testimony or want of any testimony at all to support the return of an indictment and thus bring the testimony and proceedings before the grand jury for review by the trial court before a plea to the charge by the accused. The grand jury is an inquisitorial body, the proceedings of which are intended to be kept secret and can not be examined and reviewed by a trial court upon a motion to set aside or quash an indictment, except for causes specified in the statute. *Borello* v. *Superior Court,* 96 Pac. 404; *State* v. *Longstreth,* 121 N. W. 1114; *U. S.* v. *Cutler,* 19 Pac. 145; *State* v. *Britton,* 60 So. 379; *State* v. *Walsh,* 84 Atl. 42; *Lee* v. *State,* 148 S. W. 567; 22 Cyc. 422.

It follows that the court erred in sustaining said motion and quashing the indictments and its judgment is reversed and the cause remanded with directions to overrule same and for further proceedings, according to law.