MURPHY v. STATE.

Opinion delivered July 5, 1926.

1. INDICTMENT AND INFORMATION—MOTION TO QUASH.—The proceedings of the grand jury cannot be reviewed by a trial court on a motion to quash the indictment upon the ground that it was returned by the grand jury without having had any evidence before that body upon which to base the indictment.

2. CONSTITUTIONAL LAW—SUSPENSION OF SENTENCE—ENCROACHMENT ON EXECUTIVE.—Crawford & Moses' Dig., § 2956, as amended by Acts 1923, p. 265, § 1, relative to wife desertion, and empowering the court to suspend sentence, held not invalid as in conflict with Const., art. 6, § 18, empowering the Governor to "grant reprieves, commutations of sentence and pardons."

3. HUSBAND AND WIFE—DESERTION AS OFFENSE.—Willful desertion of the wife by a husband without good cause may be made a criminal offense.

4. WITNESSES—HUSBAND AND WIFE AGAINST EACH OTHER.—Under Crawford & Moses' Dig., § 3125, providing that husband and wife may testify against each other "in all cases in which an injury has been done by either against the person or property of the other, held that the statute is not limited to cases involving physical injury, so that a wife may testify against the husband in a prosecution for abandonment.

5. CRIMINAL LAW—INSTRUCTION IN LANGUAGE OF STATUTE.—An instruction in a prosecution for wife abandonment, in the language of Crawford & Moses' Dig., § 2596, as amended by Acts 1923, p. 265, § 1, including the authority of the court to suspend sentence, *held* not erroneous as conveying the implication that the court would suspend the sentence.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum*, Judge; affirmed.

*Holland, Holland & Holland* and *A. M. Dobbs*, for appellant.

*H. W. Applegate*, Attorney General, and *John L. Carter*, Assistant, for appellee.

McCULLOCH, C. J. Appellant was convicted under an indictment charging him with the crime of abandonment of his wife and leaving the State, the indictment being preferred under the following statute, Crawford & Moses' Digest, § 2596, as amended by § 1 of act No. 331 of the General Assembly of 1923, which reads as follows:

"Section 1. If any man shall, without good cause, abandon or desert his wife, or abandon his child or children under the age of fourteen years, born in or legitimatized by lawful wedlock, or shall fail, neglect or refuse to maintain or provide for such wife, child or children, he shall, upon conviction, be punished by imprisonment in the county jail for not more than one year, or by a fine not less than fifty nor more than one thousand dollars, or both such fine and imprisonment; provided, however, that, if such person, after leaving his wife or child, or wife and child, or children, shall leave the State of Arkansas, said person shall be guilty of a felony, and punishable by imprisonment in the penitentiary for a time not to exceed one year; and provided, however, that in all cases the court may suspend sentence upon probation, employment and support of his wife or child, or wife and child, or children, as the case may be."

It is charged in the indictment that appellant, "without good cause, did unlawfully and feloniously abandon and desert his wife * * * and, after leaving his wife, as aforesaid, left the State of Arkansas."

The first ground urged for reversal is that the court refused to sustain appellant's motion to quash the indictment. The ground stated in the motion was that the grand jury returned the indictment without having had any evidence before that body upon which to base the indictment. The court heard oral evidence on the motion to quash, and, in support of the motion, appellant introduced his deserted wife, who testified that she did not appear before the grand jury at any time. On cross-examination the witness identified a transcript of her testimony given before a justice of the peace on a trial of appellant for the crime of seduction, the trial having been held before the intermarriage of the witness and appellant. It was shown that this transcript of the testimony of the deserted wife was before the grand jury. It has been decided by this court that the proceedings of a grand jury cannot be reviewed by a trial court on motion to quash the indictment for the purpose of determining whether or not the indictment was based upon legal evidence, that the statutory provision that "the grand jury can receive none but legal evidence" (Crawford & Moses' Digest, § 2988) is directed to the grand jury, and that a failure to observe the statute does not afford grounds for quashing an indictment. *State* v. *Fox,* 122 Ark. 197, 182 S. W. 906; *McDonald* v. *State,* 144 Ark. 142, 244 S. W. 20.

It is next contended that the statute is void, and that the court should have sustained the demurrer to the indictment on the ground that the provision in the statute empowering the court to suspend sentence is in conflict with art. 6, § 18, of the Constitution, conferring power upon the Governor to "grant reprieves, commutations of sentence and pardons after conviction." The recent case of *Emerson* v. *Boyles,* 170 Ark. 621, 280 S. W. 1005, is, we think, decisive of the question contrary to appellant's contention.

It may be well, in this connection, to consider the validity of this statute with respect to the feature which makes abandonment or desertion of the wife by the

husband a crime, even in the absence of the element of failure or refusal to support the wife. It is contended that it is beyond the power of the Legislature to create an offense out of the mere act of willful desertion. The offense created under the statute as originally enacted was the abandonment and desertion of the wife or children *and* the failure or refusal to support, but the amended statute, as quoted above, changes the conjunctive word to disjunctive and creates the separate offenses of desertion and of failure to support. The indictment in the present case, as we have already seen, merely charges the offense of desertion, and does not charge the other element of failure to support. We upheld the validity of the statute as originally enacted (*Green* v. *State,* 96 Ark. 175, 131 S. W. 463, Ann. Cas. 1912B, 279), and, in doing so, we cited with approval the decision of the Supreme Court of Louisiana in the case of *State* v. *Cucullu,* 110 La. 1087, 35 So. 300. The Louisiana statute under review in that case was substantially the same as our present statute on the subject. The Louisiana court in the case cited, as well as in the later case of *State* v. *Baker,* 112 La. 801, 36 So. 703, sustained the validity of the statute, without, however, discussing this particular feature of it. The court merely gave its approval to the whole statute as one which was enacted for the general public welfare and within the power of the lawmakers. The Texas statute on this subject is also similar to ours, and has been sustained by the Criminal Court of Appeals in that State in several cases. *Wade* v. *State,* 252 S. W. 770.

It is a little difficult to determine the extent to which the lawmakers may go, for the protection of society at large, in creating public offenses based upon the conduct of those joined together in marriage contract; but we entertain no doubt that willful desertion of the wife by the husband "without good cause" may be made a criminal offense. Certainly society at large is interested in preventing such conduct, and the fidelity to the marriage vows is a moral obligation the violation of which

may be made a public offense. Our conclusion is that the statute is valid in every respect and that the court was correct in overruling the demurrer.

It is urged that the court erred in permitting the wife to testify, the contention being that the testimony of the wife does not fall within the statutory exception permitting either of the spouses to testify against the other "in all cases in which an injury has been done by either against the person or property of either." Crawford & Moses' Digest, § 3125. Counsel for appellant contend that the statute relates only to physical injury to the person, but we think this is too narrow a construction of the statute. Counsel rely on the decision of this court in *Davis* v. *Nichols,* 54 Ark. 358, 15 S. W. 880, and *Billingsley* v. *St. L. I. M. & S. Ry. Co.,* 84 Ark. 617, 107 S. W. 173, holding that the words "injury to the person" in the statute creating a cause of action to recover damages refers only to physical injuries. We are of the opinion that the two statutes were enacted for wholly different purposes, and call for different interpretations, and that the statutes permitting husband or wife to testify against each other should be given a much broader range in allowing either to testify against the other. The manifest purpose of the statute was to permit the husband or wife to testify against the other in a criminal prosecution in any case where the offense involved an injury to the spouse personally, in addition to the effect of the offense upon society at large. In other words, where it is a special injury to the spouse, he or she may testify against the other. The nature of this offense brings it within the exception, for the deserted wife undoubtedly suffered an injury in excess of the effect of the offense upon the public generally.

Error of the court is assigned in giving the following instruction:

"1. The court instructs the jury that, if you believe from the evidence beyond a reasonable doubt that the defendant, Walter Murphy, in the Greenwood District of Sebastian County, Arkansas, and within three years

next before finding this indictment, without good cause, did unlawfully and feloniously abandon and desert his wife, and, after leaving her, left the State, then you should convict the defendant of a felony and fix his punishment at not exceeding one year in the penitentiary; provided, however, in all cases the court may suspend sentence upon probation, employment and support of his wife and child, or wife and child, or children, as the case may be.''

It is the latter part of the instruction, referring to the power of the court to suspend sentence, which is criticised as being erroneous. It will be observed that this instruction is in the precise language of the statute, and does not convey the implication that the court would exercise the power in favor of appellant by suspending the sentence. There was no error therefore in incorporating the language of the statute in the instruction. *Jones* v. *State,* 161 Ark. 242.

It is also contended that the evidence is not sufficient to sustain the verdict. We find it unnecessary to discuss the testimony in detail, as it would serve no useful purpose to do so, but we find that it was legally sufficient to support the finding that appellant deserted his wife, and that in doing so he left the State. This made out a complete crime under the statute.

Finding no error in the record, the judgment is affirmed.

SMITH, J., and HUMPHREYS, J., dissent.

HUMPHREYS, J., (dissenting). As I understand the record, it affirmatively appears that the indictment against appellant was returned by the grand jury without having heard any evidence for wife-desertion. The only evidence before the grand jury was a transcript certified by the justice of the peace containing unsworn statements made by appellant's wife, prior to their marriage, on the trial of appellant for the crime of seduction. The third statutory ground for quashing an indictment is that it was not found and presented as required by law. Crawford & Moses' Digest, § 3057. Grand juries have no right to return an indictment for a crime with-

out first hearing some evidence relating thereto as a basis for the indictment.

In my opinion the court committed reversible error in overruling the motion to quash the indictment, and for this reason the judgment should be reversed.

I therefore dissent from the majority opinion of the court affirming the judgment in this case.