Stanley v. State.

Crim. 3837

Opinion delivered June 12, 1933.

*J. P. Clayton* and *Cravens, Cravens & Friedman*, for appellant.

*Hal L. Norwood*, Attorney General, and *John H. Caldwell*, Assistant, for appellee.

McHANEY, J. Appellant was convicted of murder in the second degree on a charge of murder in the first degree for the killing of his nephew, Gordon Stanley, and sentenced to five years in the penitentiary. Four errors are assigned and now urged for a reversal of the judgment—two relating to requested instructions refused by the court and two relating to instructions given on the court's own motion over his objections and exceptions.

1. The first relates to requested instructions Nos. 10 and 12 refused. It is said that No. 10, "together with requested instruction No. 12, would have told the jury with reference to the plea of self defense of appellant that it was only necessary for the danger of attack from deceased to have appeared to the appellant to make it necessary to take deceased's life. In other words, that it need not appear to the jury that there was any danger, but that the appellant would have been justified in killing in self defense if it appeared to him, acting without fault or carelessness, that there was such danger." These requests were fully covered by instructions 16 and 17 given by the court, and it was not necessary or proper to multiply instructions on the same subject. Moreover, we have been unable to find any evidence in the record to support a plea of self defense or any instructions on the subject. The undisputed facts show that appellant killed the deceased without justification. "Justifiable homicide is the killing of a human being in necessary self-defense, or in defense of habitation, person or property, against one who manifestly intends or endeavors, by violence or surprise, to commit a known felony." Section 2369, Crawford & Moses' Digest. Neither at the time of the killing, nor at any other time, did the deceased attack or threaten the person of appellant, nor does it appear that he intended or endeavored to commit a felony against appellant's habitation, person or property. We do not review the evidence, as no useful purpose could be served thereby. It is sufficient to say that a plea of self-defense was not supported by any evidence.

2. It is next urged that error was committed in refusing to give requested instruction No. 14, which would have told the jury that the fact that appellant had been indicted by the grand jury was not to be considered as evidence against him. While it is entirely proper to give such an instruction (*Worthem* v. *State,* 82 Ark. 321, 101 S. W. 157; *Latourette* v. *State,* 91 Ark. 65, 120 S. W. 411; *State* v. *Fox,* 122 Ark. 197, 182 S. W. 906), its refusal would not be prejudicial and would not justify a reversal, especially where instructions are properly given on the presumption of innocence, the burden of proof and reasonable doubt, as is the fact in this case.

3. The third assignment complains of the giving of instruction No. 16 relating to the law of self-defense, in that, in order for such plea to be available to him, he must have in good faith endeavored to decline further contest. What we have already said disposes of this assignment. There was no contest,—none to further decline. So, whatever error there was in this connection was in giving any instruction at all on self-defense,—an error in appellant's favor for which he cannot complain.

4. Finally it is said the court erred in giving instruction No. 20. It follows: "The law, in order to convict, does not require that the guilt of the accused shall be made out to a mathematical or absolute certainty, but it does require that it be made out to a moral certainty, which is a certainty that convinces and directs your understanding and satisfies your reason and judgment that the defendant is guilty." The complaint made of this instruction is that it did not conclude with the words "beyond a reasonable doubt." There is no merit in this criticism. Instruction No. 19 immediately preceding was on presumption of innocence and reasonable doubt, and No. 20 was a further explanation of what was required to be convinced of guilt beyond a reasonable doubt, and was as favorable to appellant as the law warrants.

Affirmed.