## H. C. GENT v. THE STATE.

### No. 252.    Decided December 8, 1909.

**1.—Rape—Evidence—Flight—Arrest.**

Where, upon trial for rape, there was evidence with reference to the search made for the defendant by the officers before he was arrested, and also that defendant went under different names, there was no error. It is always permissible to prove flight.

**2.—Same—Evidence—Flight—Limiting Testimony.**

Upon trial for rape, where the State introduced in evidence the complaint against defendant, the *capias* and the bail bond, and afterwards withdrew same from the jury, there was no error; besides, these papers were admissible in evidence to show flight if properly limited to that purpose.

**3.—Same—Argument of Counsel.**

Where the argument of State's counsel was objected to, and the court instructed the jury not to consider same, there was no error.

**4.—Same—Wife of Defendant.**

Where, upon trial for rape, it appeared from the evidence that defendant had a lawful wife at the time he committed the offense, the contention that there was no evidence that the prosecuting witness was not the wife of the defendant was untenable.

Appeal from the District Court of Kaufman.    Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Ross Huffmaster* and *George Shaw,* for appellant.—On question of admitting testimony as to search of defendant, etc.: Haynie v. State, 2 Texas Crim. App., 168. On question of admitting complaint against defendant, etc.: Shamberger v. State, 24 Texas Crim. App., 433; Long v. State, 17 Texas Crim. App., 128.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—The appellant, H. C. Gent, was prosecuted in the District Court of Kaufman County on a charge of rape on the person of one Nona Mason and a conviction had wherein imprisonment in the penitentiary for a period of five years was assessed against him.

1. Appellant presents a number of grounds on which a reversal is sought. The evidence showed practically beyond dispute that the prosecutrix, Nona Mason, was at the time of the alleged intercourse, under the age of fifteen years. This intercourse was testified to by her positively and that same was by her consent and at a time and place fixed by her. There was other evidence sufficiently corroborating this proof. On the trial proof was made by the constable of the Kaufman precinct that after the original prosecution was instituted

that he had sought to find appellant and could not do so. This was objected to because it was not shown that the officer had any process for the defendant and his search for him was without authority of law. It is permissible to prove by anyone who knows the fact and who has any occasion to inquire, that appellant had fled from the scene of the offense and from his home. Proof was also made by the sheriff of Bosque County that he went to Guadalupe County upon receipt of information that appellant was wanted in Kaufman County and found appellant there and that he was going by the name of H. B. Clay, and denied ever having lived in Kaufman County. The record shows and the judge certifies that at this time he was not under arrest and in view of all the facts, this testimony was clearly admissible as showing flight, change of name, and a denial that he had ever lived in Kaufman County where the crime was committed. The testimony was not offered as a confession, nor did the facts show an arrest at the time.

2. On the trial the State was permitted to introduce to show flight, the complaint filed against appellant, the capias and the bail-bond. These papers were admitted in evidence at the time by the court, but later were withdrawn by the State, of its own volition, and the jury were instructed that same had been withdrawn and not to consider them. For the purpose of showing that there was a prosecution, flight and appellant's forfeiture of his bond, and limited to these uses, this testimony was admissible. If, however, there was any error committed in respect to same, the action of the State's counsel in withdrawing the testimony and the court in instructing the jury not to regard same, would have cured such error.

3. The other matters complained of relate to argument of the county attorney of Kaufman County, which is claimed to be injurious. There is no error, in view of the explanation of the court that the jury were instructed not to consider same, of which appellant can complain.

4. Again, it is complained that there was no evidence in the record that the prosecuting witness was not the wife of appellant. The evidence shows that the prosecuting witness was introduced and known as Nona Mason; that she lived with her father and mother; that she was about fifteen years of age; that appellant had carnal intercourse with her; that on one occasion she went with appellant and his wife to Kaufman and appellant sought to induce her to go with him to Oklahoma and live with him as his wife. The proof is clear and overwhelming that she was not his wife and there is no merit in this contention. We have examined all the assignments of error and there seems to be no error in any of them of which appellant can complain. It follows, therefore, that the case must be and the same is hereby ordered affirmed.

                                        *Affirmed.*