## John McGregor v. The State.

### No. 2649. Decided November 5, 1913.

**1.—Murder—Change of Venue—Arraignment—Statutes Construed.**

Article 630, Code Criminal Procedure, requiring that the plea of not guilty shall be entered before a change of venue, is only directory, and under article 938 id., the presumption that defendant was arraigned unless otherwise shown obtains, and in the absence of a bill of exceptions, the matter can not be reviewed on appeal; the record showing that defendant was properly arraigned in the county to which the venue was changed.

**2.—Same—Argument of Counsel.**

Where it appeared from the record that the court expressly told the jury not to consider the remarks of the State's counsel, there was no reversible error, although counsel are warned to remain in the record.

**3.—Same—Manslaughter—Adequate Cause—Charge of Court—Harmless Error.**

Article 1131, Penal Code, expressly states that insulting words are not adequate cause, and the court should not have so instructed the jury, but the charge being more favorable to defendant than the law requires, the error was harmless.

**4.—Same—Insulting Words—Charge of Court.**

Where the evidence expressly excluded the fact that the difficulty out of which the killing grew was caused by insulting words of the deceased towards defendant's wife and her lady companion, there was no error in the court's failure to charge thereon; besides, no such special requested charge appears of record.

**5.—Same—Charge of Court—Self-Defense.**

Where the defendant's requested charge on self-defense was not copied in the record, the same could not be considered on appeal.

**6.—Same—Provoking the Difficulty—Charge of Court—Converse Proposition.**

Where the charge of the court on provoking the difficulty was clearly defective in that it did not require that the words or acts of the defendant provoking the difficulty were with the apparent intention of killing or doing serious bodily injury to the deceased, and failed to submit the converse of the proposition, the same was reversible error. Following McCandless v. State, 42 Texas Crim. Rep., 58.

**7.—Same—Dying Declarations—Charge of Court.**

Where there was nothing in the confession or the record that would call for a charge on the dying declarations of the deceased, there was no error in the court's failure to charge thereon, as such a charge would have been on the weight of the evidence.

**8.—Same—Newly Discovered Evidence—Practice on Appeal.**

Where the judgment is reversed and the cause remanded on other grounds, the question of newly discovered evidence need not be considered.

Appeal from the District Court of San Patricio. Tried below before the Hon. F. G. Chambliss.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*John A. Pope* and *Jones & Childers,* for appellant.—On question of argument of counsel: Slyvas v. State, 150 S. W. Rep.. 906; Kirksey v. State, 61 Texas Crim. Rep., 298, 135 S. W. Rep., 124; Harwell v. State, 61 Texas Crim. Rep., 233, 134 S. W. Rep., 701; Waterhouse v. State, 57 Texas Crim. Rep., 590, 124 S. W. Rep., 633.

On question of provoking the difficulty: Carter v. State, 23 Texas Crim. App., 508; Peter v. State, 23 id., 684; Meuly v. State, 9 S. W. Rep., 563; Sanchez v. State, 156 S. W. Rep., 218.

On question of court's failure to charge on dying declarations: Willis v. State, 15 Texas Crim. App., 118; Buntain v. State, 15 id., 490; Mason v. State, 29 id., 24; Newberry v. State, 32 Texas Crim. Rep., 145.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was indicted for murder of Tom Priour by the grand jury of Nueces County alleged to have been committed in that county. Afterwards the venue was changed from that to San Patricio County, where appellant was tried, convicted of murder in the second degree and his punishment fixed at five years confinement in the penitentiary.

For the first time appellant, in his amended motion for new trial, urges that the case should be reversed because the record does not disclose that appellant was arraigned in Nueces County before the change of venue. The statute, in effect, requires that the plea of not guilty shall be entered before a change of venue (art. 630, C. C. P.) but this article has uniformly been construed to be directory only. Besides this, article 938, Code of Criminal Procedure, expressly provides that this court shall presume in all cases that the defendant was arraigned, unless such matter was made an issue in the court below and it affirmatively appears to the contrary by a bill of exceptions properly signed and allowed by the judge of the court below. No such bill was taken, nor question raised in the court below, other than by such amended motion for new trial. The court did not err in refusing a new trial

on that ground. The record in this case distinctly shows that the appellant was properly arraigned and plead not guilty before his trial in San Patricio County. This is all that was necessary.

Appellant has a bill of certain remarks of the district attorney in argument before the jury. In each instance the court expressly told the jury not to consider such remarks. It may be that some expressions of the district attorney complained of were improper. It is unnecessary to pass upon this question. Prosecuting officers certainly should stay within the record in their arguments before the jury. For a flagrant violation of such duty this court has been compelled in some instances to reverse cases. Doubtless, on another trial the prosecuting officer will so argue the case as not to present any such question again.

The court in this case gave a charge on manslaughter. In one paragraph he told the jury: "The following are deemed adequate causes: An assault and battery with intent to injure or inflict bodily pain, or grossly insulting language." This charge is not the law. Article 1131, Penal Code, expressly states that insulting words is not adequate cause, and article 1132 expressly states that an assault and battery by the deceased, causing pain or bloodshed is an adequate cause. But as the charge given, above quoted, was more favorable to appellant than the law authorized, he can not complain thereof. In another trial of this case, the court should not give the charge above quoted, but if manslaughter is raised, should charge in accordance with the statute.

Appellant claims that the court should have given his special instruction No. 1. This instruction is nowhere copied in the record, nor in the bill of exceptions complaining of the refusal of it. From the bill on the subject, however, we take it that it was on the subject of insulting words of the deceased towards appellant's wife and her lady companion whom appellant was accompanying at the time. Some insulting words may have been used by deceased concerning them, or in their presence. Whether or not such words were used by the deceased is a disputed question. Even if the evidence was sufficient to establish that they were used by deceased, adequate cause from that source clearly passed out of the case and no charge should have been given submitting that question to the jury; for the evidence, as a whole and the testimony of appellant himself, exclude expressly that the difficulty out of which the killing occurred was caused by such language even if used by deceased.

By another bill appellant complains that his requested charge No. 2 should have been given, on the subject of self-defense. It is nowhere copied in the record or bill, and we have no way of knowing what it was and for that reason can not pass upon that charge. The court gave a charge on self-defense as favorable as the evidence or law justified. However, after completing the charge on self-defense the court immediately followed it in a separate paragraph with this charge:

"The jury are further instructed that if you believe from the evidence beyond a reasonable doubt that the defendant either by words

or acts produced the condition and brought on the difficulty, in and by which it became necessary to take the life of Tom Priour, then and in that case he can not justify himself on the ground of self-defense." Complaint is made on various grounds to this quoted charge. The evidence does not make it clear that any charge at all on the subject of provoking the difficulty by appellant should have been given. However, we do not pass upon the sufficiency of the evidence on that point. Clearly self-defense was raised. The statute, article 1138, Penal Code, is: "Though a homicide may take place under circumstances showing no deliberation, yet, if the person guilty thereof provoked a contest with the apparent intention of killing, or doing serious bodily injury to the deceased, the offense does not come within the definition of manslaughter," but may be murder. In the case of McCandless v. State, 2 Texas Crim. App., 58, a full discussion of this character of charge and the occasion on the trial of the case when it should or should not be given is found and the substance of a proper charge when necessary is given. See also White's Ann. Penal Code, secs. 1211, 1212, and 1181 for other cases and a further discussion by Judge White on this subject. The charge above complained of is clearly defective in that it does not require that the words or act of the appellant provoking the difficulty were "with the apparent intention of killing or doing serious bodily injury to the deceased." In this case the charge is fatally defective, at least on this point. The converse of the proposition should also have been given if the evidence justified the giving of such a charge at all. White's Ann. Penal Code, sec. 1212. For the error in giving this charge, as given, without the proper and necessary elements therein, this case must be reversed.

The State introduced the dying declaration of the deceased. The appellant complains that the court refused to give his charge of what consideration the jury should give this dying declaration. The charge is not in the record, nor does the bill disclose enough for us to specifically pass upon this refused charge. We see nothing in the confession or record that would call for a charge on this subject at all. It occurs to us that a charge thereon would be on the weight of the evidence and singling out some particular evidence which should not be done against the appellant, nor against the State.

Nothing else that appellant assigns shows any reversible error or needs any discussion. The ground of newly discovered evidence can not, of course, arise on another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*