Leon Cook v. The State.

No. 6012.  Decided December 8, 1920.

Rehearing Denied March 16, 1921.

1.—Rape—Sufficiency of the Evidence.

Where, upon trial of rape upon a female under the age of consent, the evidence supported a conviction under a proper charge of the court, there is no reversible error.

2.—Same—Evidence—Flight—Examining Trial—Harmless Error—Bail.

Upon trial of rape upon a female under the age of consent, there was no error in permitting proof that at an examining trial the defendant was

held under bail to await the action of the grand jury; that while there was no forfeiture of the bail bond, the defendant did not appear upon the return of an indictment against him, but went to a point in the State of Kansas and was there arrested; to show the flight of the defendant. Following Sorrell v. State, 74 Texas Crim. Rep., 505, 169 S. W. Rep., 104, and other cases; besides, if error, the same was harmless, as the matter was proved by other evidence without objection.

### 3.—Same—Jury and Jury Law—Challenge for Cause.

Where, defendant complained that a certain juror had expressed an opinion and demanded to challenge him for cause, which the court overruled, and the juror was excused on peremptory challenge and it appeared that the defendant had failed to exhaust his challenges and that no improper or prejudiced juror was forced upon him, there was no reversible error. Following Carter v. State, 45 Texas Crim. Rep., 433, and other cases.

### 4.—Same—Evidence—Impeaching Witness—Declarations of Prosecutrix.

Where, upon trial of rape, defendant's witness testified that the prosecutrix told him at the house of the mother of a certain State's witness, that the latter was the cause of her pregnancy, and that defendant's witness had told said mother, there was no error in permitting the State to place said mother upon the witness stand and have her deny this matter, contradicting the said defendant's witness.

### 5.—Same—Rehearing—Evidence—Flight—Examining Trial—Bail Bond—Rule Stated.

Without exception, the rule is that the efforts of one who is accused of crime to evade arrest or trial are available to the State as circumstances against him, and proof that there was a failure to appear in accord with a bail bond or recognizance is admissible in evidence against the accused, and this may be shown, as in the instant case, that the examining court had required bail, and that the defendant did not appear upon the return of an indictment against him, but left for another State and was there arrested; and this, although there was no forfeiture of the bail bond. Following Brown v. State, 57 Texas Crim. Rep., 572, and other cases.

### 6.—Same—Sufficiency of the Evidence.

Where, upon trial of rape of a female under the age of consent, the evidence was sufficient to support, although based principally upon prosecutrix testimony, the conviction, there was no reversible error.

### 7.—Same—Rule Stated—Prosecutrix—Rape—Sufficiency of the Evidence.

The decisions of this court are uniform in holding that verdicts for rape may be sustained by the testimony of prosecutrix under the age of consent. Following Donley v. State, 44 Texas Crim. Rep., 429, and other cases, and we know of no precedent that will warrant this court in holding that the evidence in this case is so intrinsically weak as to render it insufficient to support the verdict of the jury, and the judgment of conviction must be confirmed.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of rape upon a female under the age of consent; penalty, eight years imprisonment in the penitentiary.

The opinion states the case.

*Mount & Newberry,* and *Stroud & Dailey,* for appellant.—On question of introducing evidence that examining magistrate fixed bail· and defendant had not appeared upon return of the indictment: Richardson v. State, 9 Texas Crim. App., 618; Thompson v. State, 21 id., 141; Bennett v. State, 39 Texas Crim. Rep., 369.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction is for rape, and punishment fixed at confinement in the penitentiary for a period of eight years. The prosecutrix was a girl under fifteen years of age. Her testimony, together with some corroborating circumstances, supports the State's case, and constitutes sufficient evidence to justify the conviction. No complaint is made of the charge of the court.

In Bills of Exceptions Nos. 1 and 2, complaint is made of the action of the court in permitting proof that at an examing trial the appellant was held under bail to await the action of the grand jury; that while there was no forfeiture of the bail bond, the appellant did not appear upon the return of an indictment against him, but went to a point in the State of Kansas, and was there arrested. The trial court regarded this evidence as admissible as tending to establish flight. The decided cases appear to support the court's ruling. Sorrell v. State, 74 Texas Crim Rep., 505, 169 S. W. Rep., 304; Hart v. State, 22 Texas Crim. App., 567; Gent v. State, 57 Texas Crim. Rep., 414'; Brown v. State, 57 Texas Crim. Rep., 570; Gilliland v. State, 24 Texas Crim. App., 528. In Sorrell's case it was held that the judgment of forfeiture would not have been admissible, but the fact of the absence of the accused, in disobedience of his bail bond, was held admissible. If the correctness of the ruling is questionable, it was harmless, for the reason that the appellant's witness Kennedy, on cross-examination, testified without objection: "Mr. Cook made bond after the examining trial. He then skipped, and went to Kansas. Mr. Seale brought him back to Dallas."

It is claimed that a juror, on his *voir dire,* admitted that if he was selected he would enter the jury box with "a feeling against the defendant." A challenge for cause was overruled, and the juror excused upon a peremptory challenge. The action of the court in refusing to sustain the challenge for cause, is complained of in a bill·which is qualified by the statement that the appellant failed to exhaust his challenges, and that no improper or prejudiced jurors were forced upon him. On.the subject, Mr. Branch, in his Ann. Texas Penal Code, sec. 543, states the rule:

"The refusal to sustain a good challenge for cause is not reversible error if the jurors subject to the challenge did not sit on the trial of the case and no other objectionable juror was forced on the defendant."

Loggins v. State, 12 Texas Crim. App., 72; Kramer v. State, 34 Texas Crim. Rep., 84; Carter v. State, 45 Texas Crim. Rep., 433. It has also been held that unless the bill of exceptions shows that the de-

fendant exhausted his peremptory challenges, the point is not available on appeal. Burrell v. State, 18 Texas, 713, and other cases cited in Mr. Branch's work, in the section mentioned. See also Mays v. State, 50 Texas Crim. Rep., 170.

The prosecutrix testified that when she advised appellant of her pregnancy, he suggested that she "go with some other boy, and lay it on him." On the trial, he introduced the witness Maillot, a youth about seventeen years of age, who testified that in conversation with the injured girl she "said something to me about being pregnant; said I had something to do about it." On cross-examination he said that he related this to the appellant on the next day, appellant being connected with a stepfather of the witness in business. He also testified that he never had anything to do with the girl. On the issue thus made, appellant introduced the witness Henry Cook, who said that he talked with the prosecutrix, Ruby Mayben, on the previous Fall, at the home of Mrs. Nitsche; that she told him that she was in a family way, and that Charley Maillot was the cause of it. It appears from the bill that he testified that he had related the matter to Mrs. Nitsche, who was the mother of Charley Maillot. The State subsequently called Mrs. Nitsche, and she denied that Henry Cook had related the matter referred to to her. The action of the court in admitting this impeaching testimony is challenged upon the ground that it infringes the rule against impeaching a witness upon an immaterial matter. We are referred to no authorities supporting the view advanced by the appellant that the court's action was in violation of the rule stated. The witness having claimed that the admission by the State's witness was made to him at the house of Maillot's mother, and that he discussed the matter with the mother, we think the bill does not show that the court committed error in receiving the mother's testimony contradicting the appellant's witness.

Finding no error in the record justifying a reversal, the judgment is ordered affirmed.

*Affirmed.*

ON REHEARING.

March 16, 1921.

MORROW, Judge.—We are unable to persuade ourselves, that it would not do violence to the rule of practice established by the decisions of this court, and based upon sound reason, to recede from the conclusion expressed in the original opinion with reference to the admissibility of the testimony, to the effect that at an examining trial the appellant had been held in bail to wait and abide the action of the grand jury; that upon indictment he did not appear but that he was subsequently arrested in another State.

In the case of Hart v. State, 22 Texas Crim. App., 567; over the appellant's objection, the State proved that he had forfeited his bail bond, and on appeal this procedure was sanctioned on the ground that the action was embraced in the general rule admitting proof of flight. Judge Hurt, writing the opinion, used the following language: "The State, over the objection of defendant, proved that defendant forfeited his bail bond. Appellant contends that proof of flight is admissible only in cases in which the State relies upon circumstantial evidence for a conviction, citing Williams v. The State, 43 Texas, 182. This court holds to the contrary, that is, that flight by a defendant is admissible in all cases, whether the evidence be circumstantial or direct. (Black v. The State, 3 Texas Crim. App., 581.)"

In the case of Sorrell v. State, 74 Texas Crim. Rep., 505, 169 S. W. Rep., 302, the complaint went to the admission in evidence of a judgment *nisi* declaring the forfeiture of appellant's bail bond. This judgment, being an ex parte and not final, was held not admissible, but the court qualified this ruling with the statement that "evidence of flight is ordinarily accepted as an indication of guilt and is admissible." "So also upon the same theory would be evidence showing or tending to show that appellant had intentionally absented himself from the court in order to avoid a trial of his case. The State, upon this issue, should be confined to evidence of the defendant's flight or intentional absence."

In the case of Gent v. State, 57 Texas Crim. Rep., 414, the complaint, capias and bail bond were admitted upon the issue of flight. The State afterwards withdrew them. The court, Judge Ramsey writing the opinion, said: "For the purpose of showing that there was a prosecution, flight and appellant's forfeiture of his bond, and limited to these uses, this testimony was admissible." He stated, however, that even if the contrary were true, the withdrawal would cure any error.

In Brown v. State, 57 Texas Crim. Rep., 572, there was proved against the appellant, that he had been indicted, left the State, and a forfeiture of his bail bond taken. The court said "that the appellant's flight and forfeiture of his bail bond were admissible against him is not to be denied."

In Gilleland v. State, 24 Texas Crim. App., 528, Judge White, the presiding judge, said: "Flight of a defendant after indictment, and after his release on bail or recognizance, by showing the forfeiture of the same, is a fact which may be proved by the State."

In the Blake case, 3 Texas Crim. App., 586, this court quoted with approval: "The state was permitted to prove that, after the defendant was arrested upon a charge of the alleged crime, he left the country and forfeited his recognizance. This was proper evidence to go to the jury."

Without exception, we think the courts and text-writers recognizes that the efforts of one who is accused of crime to evade arrest or trial

are available to the State as circumstances against him.  Underhill on Criminal Evidence, Sec. 118.

The decisions of this court to which reference has been made would seem to establish the proposition that under the principle stated, proof that there was a failure to appear in accord with the bail bond or recognizance is admissible in evidence against the accused.  This rule cannot be applied unless proof can be made that he was under bail or recognizance.  In our opinion, it cannot be sound to say that under the law such proof can be made, and yet deny the right of the State to prove that the examining court had required bail.  The view of the appellant that such proof implies that the magistrate has passed upon the guilt of the accused, if followed, would render unsound a long line of decisions of this court and others holding under certain circumstances admissible the fact that the accused on trial has been indicted for another offense.  Some scope must be given to the presumption in favor of the judgment and intelligence of the jurors.  In all criminal cases, the jury is made to know that the presumption of innocence obtains until guilt is established, beyond a reasonable doubt, by the evidence adduced on the trial.  It cannot be assumed, without discredit to the jury system, that jurors would not understand that bail is simply a means of assuring the presence of the accused, and creates no presumption of guilt.  In all cases where one is arrested for a felony, it is by a magistrate that bail is fixed.  This court, in numerous instances in which it has been held that proof of bail and forfeiture was receivable, was cognizant of the fact that in every such case the bail was fixed by the magistrate.  With this knowledge, this court, soon after its organization, refused to sanction the contention which is, in substance, now advanced by the appellant, and held that it was lawful to prove that one who had been arrested and charged with a crime had given bail, forfeited it, and left the State; and in making this holding the court examined and overruled a decision of the Supreme Court to the contrary.  Blake v. State, 3 Texas Crim. App., 586.

The age of Ruby Mayben, the injured party, was proved by her mother.  She was fourteen years of age on the 25th day of October, 1919.  The date of the offense was about the first of June, 1920.  Her pregnancy was proved by her mother and the doctor who examined her.  The girl testified in detail to a number of occasions upon which she had been in company with the appellant and upon which he had had carnal knowledge of her.  Other witnesses testified to occasions upon which she and the appellant had been seen together, and the circumstances related by them tended to corroborate the girl with reference to her association with the appellant.  None of this corroborating testimony went to the point of seeing them together under circumstances from which criminal relations could be inferred.

The appellant was a married man and a motorman on the street car.  The appellant did not testify but introduced evidence to show that the

girl had declared that one, Charley Maillot was the cause of her pregnancy. This was denied by Maillot and also by the girl.

The appellant, through his counsel, insists that the story upon the witness stand by Ruby Mayben was not credible. She was a competent witness and corroboration was not required by law to support a conviction upon her testimony. Such has been the holding of this court without departure. Hamilton v. State, 36 Texas Crim. Rep., 372. Her credibility like that of other witnesses was made a question for the jury to settle. Code of Criminal Procedure, Art. 786. Snodgrass v. State, 67 Texas Crim. Rep., 615, 150 S. W. Rep., 162; 44 L. R. A. New Series, 1144; Newton v. State, 58 Texas Crim. Rep., 316; Vernon's Crim. Statutes, Vol. 2, page 687. Her evidence can hardly be said to be controverted. We know of no precedent that will warrant this court in holding it so intrinsically weak as to render it insufficient to support the verdict which the jury has based upon it. Previous decisions of this court are uniform in holding that verdicts for rape may be sustained by the testimony of a prosecutrix under the age of consent. Donley v. State, 44 Texas Crim. Rep., 429; Smith v. State, 73 S. W. Rep., 404. Bearing in mind that innocence is presumed until guilt is established from the evidence, beyond a reasonable doubt, and that if the evidence fails to meet this measure, when considered in the light of human experience, this court is given the power to refuse to sanction a verdict of guilt based thereon. Code of Criminal Procedure, 939. In cases of rape, this power has been exercised when occasion demanded. Gazley v. State, 17 Texas Crim. App. 277; Dusek v. State, 48 Texas Crim. Rep., 520; Draper v. State, 57 S. W. Rep., 655; Blair v. State, 56 S. W. Rep., 622; Elam v. State, 20 S. W. Rep., 710; Gardner v. State, 85 Texas Crim. App., 103.

We are unable to reach the conclusion, however, that any matter revealed in the record before us would warrant our overturning the verdict rendered by the jury and sanctioned by the trial court.

The motion for rehearing is overruled.

*Overruled.*