### ° J. H. Wade v. The State.

No. 6538. Decided October 25, 1922.

Rehearing denied June 27, 1923.

**1.—Murder—Evidence—Cross-Examination—Husband and Wife.**

Where appellant complained that while his wife was on the witness stand she was asked by the State with reference to a shot-gun which defendant had carried with him, to which he objected, because not inquired about upon her examination in chief, and the complaint is not of anything elicited from the wife nor of any question asked her, but is directed at the remark of the private prosecutor when cautioned by the court, and the court at once instructed the jury not to consider the remark of counsel, there is no reversible error.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence sustained the conviction thereof, there is no reversible error.

**3.—Same—Rehearing—Side-Bar Remarks—Practice in Trial Court.**

Where the discussion was between counsel for the State and the defendant with reference to the cross-examination of defendant's wife, and State's counsel's remarks with reference thereto, to which defendant's counsel objected, whereupon the court told the jury to pay no attention to side-bar remarks of counsel of either side, there was no reversible error.

Appeal from the Criminal District Court of Williamson. Tried below before the Honorable James R. Hamilton.

. Appeal from a conviction of murder; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Taulbee,* and *White, Wilcox & Graves,* for appellant.—On question of the insufficiency of the evidence, Burton v. State, 178 S. W. Rep., 334; Wadlington v. State, 19 Texas Crim. App., 226.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted of murder in the Criminal District Court of Williamson County, and his punishment fixed at six years in the penitentiary.

The charge of the court seems to have fully presented the various phases of murder, manslaughter, self-defense and to be so satisfactory

upon all issues as that appellant did not except thereto in any particular. There appear in the record but four bills of exception reserved during the trial, but one of which is presented to us in the brief of appellant. In the bill last above referred to appellant complains that while his wife was on the witness stand she was asked by the State with reference to a shotgun which appellant had carried with him in his wagon to the scene of the shooting, the question propounded to Mrs. Wade being: ''If you had known he had it you would not have let him take it down there, would you?'' It appears from the bill that an objection was made to this question because witness was the wife of appellant and no question relative to the matter inquired about had been asked her upon direct examination. The court neither overruled nor sustained the objection but told the prosecution that they could not cross-examine the wife except as to matters brought out by appellant in her direct examination, whereupon the private prosecutor said: ''Well, if they don't want her to tell all she knows, I can't go very far with it,'' and appellant excepted to the remark of said private counsel, and the court told the jury not to consider side-bar remarks made by either counsel for the State or the defendant.

It will be observed that this complaint is not of anything elicited from the wife nor of any question asked her, but it is directed at the remark of the private prosecutor when cautioned by the court. The authorities cited by appellant seem to bear upon the question as to how far in the examination of the wife the State may go, but do not afford us great light upon the issue raised by the remark of the prosecution. Such matters are to be regretted, but as the court at once instructed the jury not to consider the remark, we think the case within the general rule which provides that when an improper remark is made by the prosecution and same is followed by an instruction to the jury not to regard same, this court will not reverse. Shroeder v. State, 36 S. W. Rep. 94; Trotter v. State, 37 Texas Crim. Rep. 468; Carver v. State, 36 Texas Crim. Rep. 552; Gent v. State, 57 Texas Crim. Rep. 414; LaGrone y. State, 61 Texas Crim. Rep. 170; McGregor v. State, 71 Texas Crim. Rep. 604. The remarks was evidently directed at appellant's attorneys and not at him, and we do not believe the matter contained in same of such materiality or of such inflammatory character as to place it beyond cure by the court's action.

Appellant's most urgent plea is that the evidence fails to support a conviction for murder. The facts in this case will be found more fully stated in an opinion upon a former appeal, 88 Tex. Crim. Rep. 372. Briefly there had been quarrels and feeling between appellant and deceased recently before the homicide. There was a line fence separating their farms. On the morning of the homicide appellant and his son were at work near this fence, and deceased with his sons came to

where they were. Words ensued. According to appellant's theory, supported by his testimony, deceased threw a rock at him and started at him in a threatening manner, appearing to be about to draw a pistol, and appellant shot with a shotgun loaded with buckshot which he had in his wagon, killing deceased. On the other hand the State contended, supported by its witnesses, that when deceased approached appellant he said to the latter that the fence was his, had been there for many years and that he did not want appellant to touch it or do anything to it; that appellant replied that he would do it or would touch it and walked over to his near-by wagon, and then called deceased a vile name and reached into the wagon and got his shotgun and repeated his statement that he would touch the fence. That after appellant got his gun and as he was in the act of bringing it up, deceased picked up a rock and threw it at appellant but did not hit him. Appellant then shot deceased, the parties being from forty to fifty feet apart, according to the State's testimony, appellant being on his side of the fence and deceased on his. The sons of deceased testified that their father had made no motion to get a rock or anything else until after appellant drew his gun, and that all that was then done by deceased was to pick up and throw the rock mentioned. They said he did not advance on appellant or attempt to pick up any other rock.

We do not think the conclusion of the jury that appellant was guilty of murder, was contrary to or unwarranted by these facts. If they were true his life was in no apparent danger. Appellant had carried with him to his field a shotgun loaded with buckshot. When deceased approached he went to the wagon and got said gun and made a demonstration with it. Deceased then picked up and threw at him a rock which did not strike him. He then fired the fatal shot while deceased was making no further demonstration. These are the State's theories and as we have above stated are supported by the testimony.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

June 27, 1923.

LATTIMORE, JUDGE.—A re-examination of the first three bills of exception reserved by appellant but confirm us in our conclusion that same present nothing calling for a discussion on our part. Appellant's bill of exceptions No. 4 presents no complaint save to the remark of State's counsel which is set out in our former opinion. When the remark was made appellant's counsel said "We take a bill of exceptions to what counsel says;" and the exception as stated in the conclusion of the bill goes no further than as follows: "To which

remark of counsel for the State in the presence and hearing of the jury, as above set out, the defendant by his counsel in open court excepted, and now here tenders this his bill of exceptions No. 4 and asks that same be allowed, approved, etc., which is done.'' From the bill we learn that counsel for appellant had just remarked ''Wait a minute. This is the defendant's wife and we did not go into that question.'' This appears to be directed at the State's counsel who was questioning the witness. The court then said that the witness being the wife of appellant must not be asked relative to anything except what had been gone into on the direct examination, and State's counsel then used the remark objected to and set out in our former opinion. When appellant's counsel said he objected, the court told the jury to pay no attention to side-bar remarks of counsel for either side, and it appears to us that the remark of the court was entirely appropriate.

Nor can we find in the remarks complained of all or any of the numerous objectionable things which the ingenious counsel for appellant extracts therefrom. As already said, the State might well have refrained from making the remark but it placed no material fact before the jury, nor could it be considered as directed at appellant, and the jury being promptly told not to pay any attention to the same, we admit ourselves unable to detect any such harmful character in the remark as would call for a reversal. It is not made to appear as in the cases cited by appellant, that argument was made upon this matter, nor that there was any further reference to it in any way.

Regretting that we can not find anything in the authorities cited which would apply to a remark such as this, and that we can not agree with the contentions so strongly urged in behalf of appellant, the motion for rehearing will be overruled.

*Overruled.*