CLEVE BREWER v. THE STATE.

No. 7040. Decided June 20, 1923.

Rehearing denied October 24, 1923.

1.—Statutory Rape—Practice on Appeal.

When the uncorroborated testimony of the prosecutrix is relied on in a case of this character, justice demands a most careful scrutiny of her testimony. Following Blackmon v. State, 220 S. W. Rep., 94, and other cases.

2.—Same—Continuance—Want of Diligence.

Where it was ascertained that the wrong witness was summoned and was not called to testify by the defendant, and no effort was made to secure the attendance of the other person, there was no error in overruling the application.

3.—Same—Practice in Trial Court—Private Interview—Prosecutrix.

Where appellant appealed to the court for a private interview with the prosecutrix and the court consented to the interview, provided the judge or the sheriff be present, which defendant declined, and it must be presumed that the witness was under the rule, there was no reversible error.

4.—Same—Affidavit—Practice in Trial Court.

Where, attached to the motion for a rehearing is the affidavit by one Teel as to what the sheriff told him and it is not shown what pertinency the matter had, there is no error in overruling the motion.

5.—Same—Ex Parte Affidavits—Practice on Appeal.

*Ex parte* affidavits, appended to appellant's motion for a rehearing, cannot be considered by this court for any purpose.

6.—Same—Continuance—Motion For New Trial.

Where no application for postponement or continuance on the ground of surprise was made, there was no error in overruling the motion for a new trial, based on the application for a continuance; besides, there was no affidavit attached to the motion for a new trial.

Appeal from the District Court of Van Zandt.  Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of statutory rape; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*Greer & Greer,* and *Wynne & Wynne,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The offense is rape; punishment fixed at confinement in the penitentiary for a period of seven years. The adequacy of the evidence is challenged.

The law did not require that there be corroboration of the prosecutrix.  Hamilton v. State, 36 Texas Crim. Rep., 772; Cook v. State, 88 Texas Crim. Rep., 659, 228 S. W. Rep., 213; Gazley v. State, 17 Texas Crim. App., 278.  When the uncorroborated testimony of the prosecutrix is relied on in a case of this character, justice demands a most careful scrutiny of her testimony.  On many occasions such testimony has been characterized by such self-contradictions or other weaknesses as have impelled this court to refuse to sustain the conviction.  Gazley v. State, 17 Texas Crim. App., 278; Montresser v.

State, 19 Texas Crim. App., 281; Kee v. State, .65 S .W. Rep., 517; Adkins v. State, 65 S. W. Rep., 925; Donoghue v. State, 79 S. W. Rep., 309; Dusek v. State, 48 Texas Crim. .Rep., ·519; Alcorn v. State, 94 S. W. Rep., 468; Logan v. State, 66 Texas Crim. Rep., 506, 148 S. W. Rep., 713; Edmondson v. State, 150 S. W. Rep., 917; Draper v. State, 57 S. W. Rep., 655; Elam v. State, 20 S. W. Rep., 710; Blair v. State, 56 S. W. Rep., 622; Duckworth v. State, 42 Texas Crim. Rep., 75; Galaviz v. State, 82 Texas Crim. Rep., 377, 198 S. W. Rep., 947; Smith v. State, 86 Texas Crim. Rep., 455, 217 S. W. Rep., 154.

Touching the sufficiency of the evidence, each case must stand upon its own facts. Among the cases in which the conviction upon the uncorroborated · evidence of the prosecutrix has been sustained are found in the following of recent date: Blackmon v. State, 87 Texas Crim. Rep., 173, 220 S. W. Rep., 94; Cook v. State, 88 Texas Crim. Rep., 659, 228 S. W. Rep., 213.

In the instant case, the prosecutrix testified that upon appellant's invitation, she got into his automobile with him, at a certain place and time, that in a named locality the car was stopped and the act of intercourse accomplished with her acquiescence. By appellant's admission and by other testimony, it was shown that she was in the car with him at a time and place coinciding with her testimony and that she remained therein with him for about an hour.

An examination of her person long after the occasion relied on showed the hymen ruptured and healed. She said that the act was accompanied by no pain or blood, and that it was the first in her experience. The doctor-witness said that this was improbable though not impossible. She, when first accused, made statements inconsistent with her present testimony, in which she intimated that her brother or father had mistreated her. She admitted and endeavored to explain these declarations and denied others attributed to her. Her statement is not so at variance with human experience as warranted the court in refusing to submit it to the jury. There were some corroborating circumstances found.

A continuance was sought to secure the testimony of Gary Barker by whom appellant expected to prove compromising conduct of the prosecutrix with other men prior to the date of the offense. The witness appeared during the trial. He was not called to testify, appellant stating to the court that he had learned from the witness that it was not he but another who would give the testimony. No reason is advanced for the failure to get the information before, and no effort to secure the attendance of the other person named is revealed.

Appellant· appealed to the court for a private interview with the prosecutrix. The court consented to the interview provided the

judge or the sheriff be present. The appellant declined these terms. The bill does not disclose it, but we presume the witness was under the rule. Otherwise the court would have had no control over her. Cresswell v. State, 14 Texas Crim. App., 1; Bullock v. State, 73 Texas Crim. Rep., 424. Assuming that she was under the rule, we are aware of no authority which would withhold from the trial judge the discretion in a proper case to accompany permission to talk to a witness by reasonable condition. The facts revealed by the bill do not show an abuse of such discretion.

Attached to the motion for rehearing is the affidavit of a person named Teel to the effect that the sheriff had told him that if any person went upon the witness-stand and testified against the reputation of the prosecutrix, he would be taken to jail. The pertinency of this is not made plain. Teel was not a witness, nor is it claimed that he knew any relevant facts.

Finding no error, the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### October 24, 1923.

LATTIMORE, JUDGE.—The affidavits appended to appellant's motion for rehearing are *ex parte* and cannot be considered by this court for any purpose.

Appellant asked for a continuance to obtain the testimony of one Gary Barker. It developed on the trial that if any witness could testify to the fact desired from the absent witness, the testimony could be obtained from Will Barker and not Gary. No application for postponement or continuance on the ground of surprise was made, and the learned trial judge did not err in refusing the motion for new trial based on the overruling of the application for said continuance. It appeared on the trial that Gary Barker, the witness for whom a continuance was sought, would not give the testimony stated in said application as expected of him. What we have just said applies also to that part of the application for continuance sought because of the absence of Guy Henderson. It was stated in the application that appellant expected to prove by Henderson criminating conduct on the part of the prosecutrix with Gary Barker. In his bill of exceptions complaining of the overruling of this application for continuance appellant admitted that he was mistaken in charging that prosecutrix was out all night with Gary Barker, and that it was Will Barker instead. In alleging the testimony of Henderson in the application for continuance it was stated by appellant that he expected to prove by Henderson that

he knew prosecutrix was out all night with Gary Barker. It might further be stated that there was no affidavit of either Will Barker or Guy Henderson attached to the motion for new trial as supporting the proposition that they would give the testimony stated in the application for continuance as expected. The forcible argument addressed to this court and contained in the application for rehearing but reflects matters which in all liklihood were presented to the jury and by them decided adversely to appellant's contention.

Believing that the former opinion correctly decided the case, the motion for rehearing will be overruled.

*Overruled.*