## JESSIE TEEL V. THE STATE.

No. 9969.   Delivered March 31, 1926.

Rehearing denied May 26, 1926.

### 1.—Rape—Argument of Counsel—Held Proper.

Where counsel for the state in his argument to the jury stated, "I want you to consider the bastard child he, the defendant, has or is going to bring into the world; think of no happy Christmas to enjoy, no daddy to meet at home," and "if you give this defendant a death penalty or a term of fifty years in the penitentiary, which he ought to have, Maurine Cotner has hers already," such argument was a proper inference and deduction drawn from the evidence in the case, and was not of sufficient importance to warrant a reversal of the case were it improper.

### 2.—Same—Charge of Court—On Issue—Not Raised—Properly Refused.

It has long been settled as the rule in this state that the trial court shall not submit in his charges any defensive issue not raised by the evidence. There was not the slightest evidence, either direct or circumstantial, that prosecutrix had ever had intercourse with any one, other than the defendant, nor that she was of unchaste character prior to the time of the alleged rape, and the court correctly refused to present this theory in his charge.

#### ON REHEARING.

### 3.—Same—Evidence—Held Sufficient.

It is urged on rehearing that the evidence does not support the verdict. Prosecutrix was a child slightly over fifteen years of age. Appellant was her brother-in-law. The act of intercourse was not shown to have been committed by force, nor was it necessary that it should have been. Prosecutrix, on her pregnancy being discovered, charged appellant with responsibility for her condition. She was in a measure corroborated as to her statements. The issue was fairly presented to the jury, who decided it in favor of the state. We see no reason to disturb their finding. Following Gazley v. State, 17 Tex. Crim. App. 277; Cock v. State, 228 S. W. 213-216. Distinguishing Adkins v. State, 65 Tex. Crim. Rep. 924; Kee v. State, 65 S. W. 517.

Appeal from the District Court of Fisher County.   Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction for rape, penalty five years in the penitentiary.

The opinion states the case.

*Ponder & Terrell* of Roby and *L. H. McCrea* of Cisco, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is rape, and the punishment is five years in the penitentiary.

We have carefully considered the evidence in the case and believe that it is sufficient to support the verdict. There are but two bills of exceptions contained in the record. Each of these bills complain at the argument of the district attorney. Bill No. 1 shows that the following argument was used: "I want you to consider the bastard child he the defendant has or is going to bring into the world, think of no happy Christmas to enjoy, no daddy to meet at home." By bill No. 2 complaint is made of the following remarks: "If you give this defendant a death penalty or a term of fifty years in the pen, which he ought to have, Maurine Cotner has hers already." We think these statements were not of such an inflammatory character as to justify a reversal of the case. They were matters of inference drawn by the district attorney from the facts in evidence in the case. They were certainly not of sufficient importance to justify a reversal in view of the fact that the lowest penalty was assessed.

The court correctly refused defendant's special charge No. 1 by which he sought to have the jury instructed that if they had a reasonable doubt as to whether some other person than the defendant had had carnal knowledge of the prosecutrix prior to the 2nd day of May, 1925, to acquit the defendant. A charge should always be based on evidence contained in the record and we have searched this record in vain for any testimony, direct or circumstantial, to the effect that any person other than the defendant had ever had carnal intercourse with the prosecutrix, and if the testimony is to be believed she had never had such intercourse with him except at the time at which he is charged with having raped her. There is no suggestion in this record that the prosecutrix was of unchaste character prior to the time of the alleged rape and the court correctly refused to present this theory in his charge.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, Presiding Justice, absent.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—The prosecutrix, Maurine Cotner, testified to the act of intercourse with the appellant. According to her statement, she and the appellant, her brother-in-law, walked home at night from a gathering. The appellant and his wife lived in a box car. The prosecutrix was slightly over fifteen years of age. The circumstances implied consent. There was no outcry or disclosure until her pregnancy was discovered, some five months after the occurrence. There was corroboration to the point that she and the appellant were out together on the night in question. She was very strenuously cross-examined with reference to her associations with other boys.

In his motion for rehearing, appellant insists that the story of the prosecutrix is so out of harmony with human experience as to be incredible and that in the absence of corroboration her testimony is not sufficient to support the verdict. We fail to perceive any cogent reason for holding her testimony to the act of intercourse incredible. It is true that she did not report it and claims to have made some faint resistance. Though the jury believed she made no resistance or objection, she being under the age of consent, corroboration was not essential. See Hamilton v. State, 35 Tex. Crim. Rep. 372; Snodgrass v. State, 67 Tex. Crim. Rep. 615; Newton v. State, 58 Tex. Crim. Rep. 316. The due administration of justice requires careful scrutiny of the testimony of the prosecutrix, but does not authorize its arbitrary rejection by the appellate court. See Gazley v. State, 17 Tex. Crim. App. 277; Cock v. State, 228 S. W. 213, see p. 216.

Appellant refers to the case of Adkins v. State, 65 Tex. Crim. Rep. 924; Kee v. State, 65 S. W. 517. Tinker's case, 253 S. W. 531, on motion for rehearing, is not analogous, the conviction being reversed upon an error or practice. The announcement made in Gazley's case, supra, was re-affirmed and cases cited in support of it. However, Tinker's case, supra, is not an authority against the affirmance of the present judgment.

The motion is overruled.

*Overruled.*