THOMAS C. TRIPP V. THE STATE.

No. 10582. Delivered January 19, 1927.

Rehearing denied April 27, 1927.

**1.—Embezzlement—Continuance—Diligence Shown, Insufficient.**

Where appellant moved for a continuance on account of an absent witness, and it appears that a subpoena was issued for said witness, and was returned on April 7 endorsed by the sheriff that the witness could not be found in Tarrant County. No further effort to secure the attendance of said witness was made by appellant, though he was not placed on trial until June 10 thereafter. The diligence shown was not sufficient, and the continuance was properly refused.

**2.—Same—Bill of Exception—Insufficient—No Error Disclosed.**

Where appellant complains of the admission of the testimony of prosecuting witness to the effect that she knew a lawyer by the name of Lipscomb and met him about the middle of August and his bill sets out no facts or surroundings showing the effect or injury in such testimony, the bill is insufficient. To be sufficient the bill should have set out sufficient facts to enable the court to determine that said testimony was not admissible.

**3.—Same—Evidence—Re-direct Examination—Held Proper.**

Where appellant on his cross-examination of prosecuting witness proved facts concerning her employment of the attorney, McLean, it was proper on her re-direct examination by the state to permit her to explain that she only intended to pay said attorney if she ever recovered anything.

**4.—Same—Sentence Reformed.**

The sentence in this case commits appellant to the penitentiary for the full period of six years, contrary to Art. 775, C. C. P. It is reformed, under Art. 847, C. C. P., so as to read that the appellant is committed to the penitentiary for not less than two nor more than six years.

ON REHEARING.

**5.—Same—New Trial—Properly Refused.**

On rehearing appellant insists that he should have been granted a new trial on account of the absent witness Garrett. We cannot agree with this contention. The diligence to secure the attendance of this witness was not sufficient, and it was further shown on the hearing of the motion for a new trial that the whereabouts of said witness was unknown, and that he had not been seen, nor heard of in Tarrant County for more than a year, prior to the trial. The motion for a new trial was properly refused.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. George E. Hosey, Judge.

Appeal from a conviction for embezzlement, penalty six years in the penitentiary.

The opinion states the case.

*John L. Poulter* of Fort Worth, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of embezzlement in the Criminal District Court of Tarrant County, and his punishment assessed at six years in the penitentiary.

Briefly stated, the record shows that the appellant was an attorney at law practicing in the city of Fort Worth, and that Miss Lizzie Alexander delivered to him, for the purpose of collection, two insurance policies, upon which the appellant collected the sum of $836. It was the contention of the state, and evidence was introduced to that effect, that the prosecuting witness, Miss Alexander, received only $31 of this sum from the appellant. While the appellant failed to testify, he introduced evidence to the effect that the prosecuting witness was paid by him the sum of $325 in cash, and that she authorized him to buy for her $300 worth of stock in an oil company out of the remainder due her, which, in connection with his commission, absorbed all of said amount, and that he had a full and final settlement with her in regard to this transaction.

We find three bills of exception in the record. Bill of exception No. 1 complains of the refusal of the court to grant the appellant's application for a continuance, based upon the want of the testimony of one J. J. Garrett. This application was contested by the state, and it appears that Garrett had never been subpœnæd and no effort had been made to secure his attendance other than making an application for subpœna and placing same in the hands of the sheriff, who returned said application on the 7th of April with the statement that the witness could not be found in Tarrant County. It further appears that the sheriff thereafter informed appellant's attorneys that he was unable to locate said witness; that the case was postponed on one occasion at the instance of the appellant on account of sickness in his family, and did not come to trial until June 10, 1926; and that no effort was made to secure the attendance of said witness during this interval, nor was there any showing made of any likelihood of securing this testimony by a further postponement or continuance of the case. This bill, as presented, shows no error.

Bill of exception No. 2 complains of the action of the court in permitting the prosecuting witness, Lizzie Alexander, to testify that she knew a lawyer by the name of Lipscomb and met

him about the middle of August. The objection to this testimony was that it was irrelevant and incompetent. This bill, as presented, shows no error, in that it fails to point out how the acquaintanceship or meeting with this lawyer affected the appellant in any manner. This court has repeatedly held that a bill of exception complaining of the admission of testimony to be sufficient, must set out sufficient facts in and of itself to enable the court to determine that said testimony was not admissible. Otherwise, the court will presume that the ruling of the trial court was correct. Hennington v. State, 101 Tex. Crim. Rep. 12; many other authorities to the same effect could be cited if necessary.

Bill of exception No. 3 complains of the action of the court in permitting the prosecuting witness to testify to the facts concerning her employment of the attorney, McLean. This bill, as presented, shows no error. It appears that said witness, on cross-examination by appellant's counsel, testified that she employed said attorney in August, and upon re-direct examination by the state she was permitted to explain that she had never employed said attorney and never agreed to pay him a cent, but intended to pay him if she ever got anything.

The sentence in this case commits the appellant to the penitentiary for the full period of six years, contrary to Art. 775, C. C. P. Said sentence is reformed, under Art. 847, C. C. P., so as to read that the appellant is committed to the penitentiary for not less than two and not more than six years.

After a careful examination of the entire record, we are of the opinion that the judgment of the trial court, as reformed, should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant urges in his motion for rehearing that in view of the evidence the court below should have granted a new trial to give him an opportunity to secure the witness Garrett, conceding that diligence was wanting in the effort to have him present when the case was tried. The application for continuance is totally lacking upon its face in any showing of diligence. The state resisted the application on that ground. Upon a hearing before the court regarding the matter

certain facts were agreed to which are embraced in the bill of exception. From the bill we glean the following information. In November, 1925, in a disbarment proceeding against appellant, Garrett testified with reference to the matters set out in appellant's application for continuance; neither appellant nor his attorneys had ever seen him since that time nor had any information as to his whereabouts further than that given in the application for process. On March 26, 1926, an order was entered setting the present case for trial on April 7. On March 30 appellant filed application with the clerk for process to issue for witnesses, among whom was Garrett, whose avocation and address was given as "Circulation Distributor, North Fort Worth." When the case was called for trial on the 7th day of April, Garrett was not present, the sheriff's return showing that he could not be found in Tarrant County. Upon application of appellant the trial was postponed, not because of Garrett's absence, but on account of the illness of appellant's wife and a child of appellant's attorney. On the 20th day of May said cause was again set down for trial on June 2. Appellant's attorney was notified by the clerk who inquired if any process was desired. The attorney requested process to issue on the old application. The clerk requested additional information about Garrett. Appellant's attorney advised that he had none but would report if he secured any. On May 26 process was re-issued for Garrett with same notation as originally. As soon as that process was placed in the deputy sheriff's hands on the day it was issued he also telephoned appellant's attorney asking additional information about Garrett's whereabouts. Appellant's attorney reported to that officer the same as he had to the clerk with the same promise. No such information was ever conveyed either to the clerk or the sheriff's department. When the case was called for trial on June 2 appellant and his attorneys were present and knew that Garrett was absent. Owing to the absence of one of the state's witnesses the trial was postponed to the 10th day of June. During all that time if any effort was made by appellant or his attorneys to locate Garrett the record fails to show it. It is fair to assume either that they could not secure additional information as to his whereabouts or made no effort to do so. Viewing the whole case it does not occur to us that the trial judge abused his discretion in declining to grant a new trial on account of the absence of the witness. The record indicates that there was little probability of securing the witness if the continuance had been granted, or that his presence would have changed the result of the trial. It does not appeal to us as pre--

senting one of the exceptional cases where this court has occa-
sionally held that a new trial should have been granted, although
the continuance was properly denied for want of sufficient
diligence.

Appellant's motion for rehearing is overruled.

*Overruled.*