EARL LAWLEY V. THE STATE.

No. 17563.   Delivered October 16, 1935.
Rehearing Denied December 4, 1935.

The opinion states the case.

*John L. Poulter,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for five years.

The indictment embraced averments to the effect that appellant unlawfully had carnal knowledge of Lola Puryear, who was at the time of the act of intercourse under the age of 18 years and was not the wife of the appellant.

Appellant and prosecutrix were neighbors. Prosecutrix was a few months under the age of 15 years, and appellant approximately 19. According to the version of prosecutrix, she and appellant had two acts of sexual intercourse, she consenting. The first act occurred the latter part of May, 1933, and the

other about June 15th of the same year. In March, 1934, she gave birth to a child. It was not until her baby was born that she made complaint.

Testifying in his own behalf, appellant denied that he had improper relations with prosecutrix. Moreover, his testimony raised the issue of alibi, which was given support in the testimony of other witnesses on his behalf.

Appellant contends that the evidence is insufficient. The law does not require that there be corroboration of the prosecutrix. Brewer v. State, 254 S. W., 809, and authorities cited.

It is shown in bill of exception No. 1 that, over appellant's objection, the district attorney elicited from prosecutrix on redirect examination testimony to the effect that she reported to appellant that she was pregnant. It is not necessary to determine whether the conversation had between the parties was admissible. Suffice it to say that substantially the same testimony was elicited from prosecutrix on her direct examination without any objection on the part of appellant. On page 5 of the statement of facts it is shown that she testified that when she discovered that she had become pregnant she reported the matter to appellant. Under the circumstances, appellant is in no position to complain. Upton v. State, 20 S. W. (2d) 794.

Bills of exception 2 and 3 deal with the same matter and will be considered together. Two witnesses testified, in response to questions by appellant, that appellant's general reputation as a peaceable and law-abiding citizen was good. Appellant then sought to elicit from said witnesses testimony to the effect that he was timid, courteous and refined when in the presence of girls. The State's objection was sustained. The bills do not show the relevancy and materiality of the rejected testimony. Hence they fail to manifest error. 4 Tex. Jur., p. 321; Leahy v. State, 13 S. W. (2d) 874; Shelton v. State, 114 S. W., 122.

Bill of exception No. 6 complaining of the testimony of the school superintendent to the effect that he had observed no misconduct on the part of prosecutrix while a student in his school does not show error. It embraces no surrounding facts enabling this court to determine that such testimony was not made admissible by some phase of the evidence or conduct of the case. See Tripp v. State, 293 S. W., 1102; Hennington v. State, 274 S. W., 599.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant bases his motion for rehearing upon bill of exception number six, insisting that we improperly disposed of it in our original opinion. In addition to the authorities there cited as sustaining our former disposition of the bill we refer to 4th Texas Jurisprudence, Sec. 207, and the many authorities cited supporting the text. The presumption prevails that the ruling of the trial court was correct. It may not have been correct in the instance under consideration, but the bill is not sufficiently full to show us why it was not proper, therefore the action of the trial court must be upheld.

The motion for rehearing is overruled.

*Overruled.*